R. Samuel Ehlers, Esq. (U.S.B. No. 10928)
**WRIGHT FINLAY & ZAK, LLP.**
5532 S. Fort Apache Road, Suite 110
Las Vegas, Nevada 89148
Telephone: (702) 475.7978
Facsimile: (702) 946-1345 Fax
sehlers@wrightlegal.net
*Attorneys for Defendants Ocwen Loan Servicing, LLC, erroneously sued as "Ocwen Financial
Corporation" and Wells Fargo Bank, N.A. as Trustee for Soundview Home Loan Trust 2007-
OPT1, Asset-Backed Certificates, Series 2007-OPT1 erroneously sued as only "Wells Fargo,
N.A."*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| LONN BURROWS, an individual; JACKIE BURROWS, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> LOANLEADERS OF AMERICA CORPORATION, a California Corporation; OPTION ONE MORTGAGE CO. kna SAND CANYON CORPORATION, a California Corporation; FIRST AMERICAN TITLE OF UTAH, a Utah Corporation; WELLS FARGO BANK, N.A., a Delaware Corporation; Martin Fogelman, loan officer, a California resident; OCWEN FINACIAL CORPORATION fka HOMEWARD RESIDENTIAL, INC. fka AMERIAN HOME MORTGAGE SERVICING, INC. a Delaware Corporation; LAW OFFICES OF JAMES WOODALL PLLC, a Utah LLC; James H. Woodall, a Utah resident and John Does 1-99, <br><br> Defendants | **DEFENDANTS' OCWEN LOAN SERVICING, LLC, AND WELLS FARGO BANK, N.A. AS TRUSTEE FOR SOUNDVIEW HOME LOAN TRUST 2007-OPT1, ASSET-BACKED CERTIFICATES, SERIES 2007-OPT1 MOTION TO DISMISS WITH PREJUDICE** <br><br> Civil No.: 2:14-cv-00544 <br><br> Honorable: Clark Waddoups |

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants Ocwen

Loan Servicing, LLC ("Ocwen") and Wells Fargo Bank, NA, as Trustee for Soundview Home

Loan Trust 2007-OPT1, Asset-Backed Certificates, Series 2007-OPT1, erroneously sued as only "Wells Fargo Bank, N.A." ("Wells Fargo") (collectively, Ocwen and Wells Fargo are referred to herein as the "Trust Defendants"), by and through their undersigned counsel, hereby move the Court for an order dismissing the Plaintiffs' Complaint, filed by Lonn Burrows and Jackie Burrows (hereinafter the "Plaintiffs" or "Borrowers").

## INTRODUCTION

In 2007, Plaintiffs entered into a loan ("Loan") with LoanLeaders, which was secured by a Deed of Trust against their residence.  The Loan was secured by a Deed of Trust recorded on February 26, 2007, ("Deed of Trust") identifying Plaintiffs as the borrowers, First American Title of Utah as trustee, and The Loanleaders of America, Inc. as beneficiary. The Loan was assigned to the Wells Fargo Trust and is currently being serviced by Ocwen.  Plaintiffs have failed to make any payments on the Loan for several years.  To avoid these obligations, Plaintiff Jackie Burrows has filed 3 bankruptcies in the last 2 years.  Plaintiffs have now filed this lawsuit to avoid the obligations under the Loan and Deed of Trust that have been rejected by numerous courts.

Plaintiffs' Complaint is filled with vague or  incomplete references to various law (most of which are inapplicable),  but it is not clear what specific claims for relief Plaintiffs assert against the Trust Defendants, or any other defendants, for that matter.  Plaintiffs appear to attempt to assert the following claims:  (1) Unspecified lending violations; (2) conversion by misusing the promissory note; (3) improper securitization of Plaintiffs' Loan; (4) a lack of standing to foreclose on part of the Defendants; and (5) fraud.  All Plaintiffs' claims lack merit and should be dismissed.

Plaintiffs lack standing to assert their claims regarding the securitization of the Loan.

Plaintiffs' central theory is that the Loan cannot be enforced because the Deed of Trust securing it was improperly assigned and securitized into a mortgage-backed security pool. (See Complaint Paragraph 58. As no page number is given, only paragraphs will be cited when referring to the Complaint.) Based on this alleged improper assignment, Plaintiffs argue that the subsequent foreclosure documents and foreclosure process were also invalid. Plaintiffs argue that because the assignment and securitization of the Loan into the mortgage-backed security pool was allegedly invalid, the mortgage is unenforceable and Plaintiffs are allowed to stop making mortgage payments and live in the home for free. Federal courts have consistently rejected this argument. Multiple courts have concluded that borrowers lack standing to challenge the validity of a mortgage securitization or loan assignment when they are neither a party nor a third-party beneficiary of the securitization agreement.

Plaintiffs' attempt to undermine Defendants' standing to foreclose should be rejected. Plaintiffs argue that Defendants do not have standing to enforce the Deed of Trust because the loan was assigned and securitized and Defendants have not produced the actual note. Utah courts have consistently recognized that producing the actual note is not required in non-judicial foreclosures in Utah. Whether the actual note is produced has no bearing on Plaintiffs' failure to make their monthly mortgage payments. Accordingly, Plaintiffs' challenge to Defendants' standing should be rejected.

Plaintiffs' conversion claims should be dismissed because Plaintiffs have not alleged how the Trust Defendants willfully or unlawfully interfered with Plaintiffs' property. Rather, Plaintiffs allege that another defendant converted the promissory note signed by them by somehow depriving them of the use of the promissory note. This argument is baseless because

Plaintiffs' signing of the promissory note and Deed of Trust resulted in the Loan, which allowed them to purchase and continue living in the Property.

Plaintiffs' fraud claim should be dismissed because they have not established the essential elements.  For example, Plaintiffs have failed to allege any reliance on allegedly untrue statements. Plaintiffs have also failed to plead fraud with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure.  Accordingly, Plaintiffs' fraud claims should be dismissed.

Plaintiffs' arguments about lending violations should also be dismissed because Plaintiffs have misunderstood and misapply the statutes and regulations they have cited in support of these claims.

Finally, Plaintiff Jackie Burrows' last bankruptcy filing does not list the sought damages of $6 Million as a potential asset and free house as assets or potential assets in the bankruptcy plan, further demonstrating that there is no actual $6 million dollar claim or potential real property asset.

## **FACTS**

Pursuant to Rules 12(b) and 10(c) of the Federal Rules of Civil Procedure, the following statement of facts is derived from the Complaint in this matter, documents referenced in the Complaint,[1] and matters subject to judicial notice pursuant to Rule 201 of the Federal Rules of Evidence,[2] and are set forth for the purposes of this Motion only.

---

[1] "[I]f a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss" without converting the motion to one for summary judgment.  *GFF Corp. c. Assoc. Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997) (internal citations omitted).  "A document that is referred to in the complaint… is not considered to be a matter outside the pleadings" for purposes of a motion under 12(b)(6).  11 James Wm. Moore et al., *Moore's Federal Practice* 56.30[4] (3d ed. 2008).

Plaintiffs signed a Note on or about February 8, 2007, for the purchase of property at 12939 S. 4400 W. Riverton, Utah 84096-7788 (APN 27-31-200-043-0000-000 ("hereinafter "Subject Property") for the amount of $427,500.00.[3]  The Note was secured with a Deed of Trust on the Subject Property on or about February 8, 2007 with Loanlenders of America, Inc. listed as the Lender and First American Title listed as the Trustee.[4]  An assignment of the Deed of Trust to Option One Mortgage was recorded on or about December 21, 2007.[5] A second assignment of the Deed of Trust to Defendant Wells Fargo Bank, N.A. as Trustee for Soundview Home Loan Trust 2007-OPT1, Asset-Backed Certificates, Series 2007-OPT1 was recorded on or about November 10, 2011.[6]

A Substitution of Trustee was naming James H. Woodall as Successor Trustee was recorded on or about November 14, 2011.[7]

The most relevant Notice of Default, for purposes of this Motion, was recorded on or about October 14, 2013.[8]

Plaintiff Jackie Burrows has filed for Chapter 13 Bankruptcy protection three times in the last 3 years. All the prior bankruptcies were dismissed but the most recent bankruptcy included a

---

[2] A Court may take judicial notice of documents recorded in the office of a county recorder on a motion to dismiss.  *Burnett v. Mortgage Electronic Registration Syst., Inc.,* No. 1:09-cv-00069-DAK (D. Utah Oct. 27, 2009).

[3] A true and correct copy of the Plaintiffs Note is attached as **Exhibit "A"** to the Request for Judicial Notice ("RJN") filed concurrently herewith as are all exhibits referenced in this Memorandum.

[4] A true and correct copy of the Plaintiff's Deed of Trust recorded on February 26, 2007 as entry 10014197 is attached to Defendant's RJN as **Exhibit "B."**

[5] A true and correct copy of the assignment that was recorded on or about December 21, 2007 as entry 10306858 is attached to Defendant RJN at **Exhibit "C."**

[6] A true and correct copy of the second assignment that was recorded on or about November 10, 2011 as entry 11277648 is attached to Defendant RJN at **Exhibit "D"**

[7] A true and correct copy of the Substitution of Trustee was recorded on or about November 14, 2011 as Entry 11278594 and is attached to Defendants RJN as **Exhibit "E."**

Chapter 13 Plan which is attached where Plaintiff states that the Subject Property is a debt that Plaintiff Jackie Burrows will be making Post petition payments on.  See Bankruptcy Plan filed March 4, 2014 as **Exhibit "G."**[9]  Nowhere in the bankruptcy plan does Plaintiff Jackie Burrows list the current lawsuit or the $6 Million dollar amount sought as a potential asset that the Chapter 13 Bankruptcy Trustee would be interested in pursuing.  *Id.*

As shown with Exhibits "M," "N" and "O" attached to Plaintiffs' Complaint, recorded on or about May 23, 2014, Plaintiffs recorded nonsensical and legally unsound documents with the Salt Lake County Recorder's Office.  The documents are a whirlwind of nonsense but the title to one of the Exhibits "Notice of Rescission at Law of Signature from Deed of Trust Do. No. 10014197 – For Fraud and Illegality in the Formation of a Contract" essentially sums up the Plaintiffs' claims for a free house and $6 Million in alleged damages.

## ARGUMENT

### I.    MOTION TO DISMISS LEGAL STANDARD.

In ruling on a motion to dismiss, the Court must accept well-pleaded allegations as true and must construe them in the light most favorable to the non-moving party.  See *Teigen v. Renfrow,* 511 F.3d 1072, 1078 (10th Cir. 2007).  However, the Court need not accept as true mere "conclusory" allegations.  *Coburn v. Nordeen,* 72 Fed. Appx. 744, 746 (10th Cir. 2003).  Rather, "factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,*  550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007).

The Supreme Court recently reaffirmed *Twombly' s* higher pleading requirements in light of a pre-answer motion to dismiss, finding a complaint must offer more than an "unadorned, the-

---

[8] A true and correct copy of a Notice of Default recorded on or about November 14, 2011 as Entry 11741373 and is attached to Defendants RJN as **Exhibit "F."**
[9] A True and Correct Copy of Defendant Jackie Burrows Chapter 13 Plan filed March 4, 2014 is attached as **Exhibit "G."**

defendant-unlawfully-harmed-me accusation" to survive dismissal. *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009). "[N]aked assertions devoid of further factual enhancement" no longer suffice to state a claim. *Id.* (internal quotation marks omitted). The Court further affirmed that a formulaic recitation of claim elements, because of its conclusory nature, is not entitled to presumption of truth. *Id.* At 1951. The Court must not assume the plaintiff can prove facts he has not alleged, or that the defendant has violated laws in ways not alleged. *See Assoc. Gen. Contractors v. California State Council of Carpenters,* 459 U.S. 519, 526 (1983). Nor can the Court "supply additional factual allegations to round out a plaintiff's complaint" or "construct arguments or theories for the plaintiff in the absence of any discussion of those issues." *Whitney v. State of New Mexico,* 113 F.3d 1170, 1173-74 (10th Cir. 1997); *Drake v. City of Fort Collins,* 927 F.2d 1156, 1159 (10th Cir. 1991). Before *Twombly,* a complaint may have withstood a motion to dismiss "if it left open the possibility that a fact not alleged in the complaint could render the complaint sufficient." *Robbins v. Okla ex rel. Dep't of Human Servs.*, 519 F.3d 1242, 1246 (10th Cir. 2008). Now, a complaint must contain enough factual allegations "to state a claim to relief that is plausible on its face." *Twombly,* 127 S. Ct. at 1974; *Robbins,* 519 F.3d at 1247.

Plaintiffs' Complaint is full of conclusory allegations that have no basis in fact or law and should be dismissed, with prejudice.

## II. PLAINTIFFS DO NOT HAVE STANDING TO CHALLENGE THE ASSIGNMENT OF THE DEED OF TRUST.

Plaintiffs do not have standing to challenge the assignment and securitization of the Deed of Trust into a mortgage-backed security pool. A central theory in the Complaint is that defendants cannot enforce the Note underlying The Plaintiff's loan because the assignment of the Deed of Trust was allegedly improper. *See* Complaint Para 58-61.

> Affiants/Plaintiffs testify that they were never informed that their Promissory Note was going to be altered like a check and sold into the mortgage-backed security pools. There was not full disclosure of the nature of the transaction. However, when it was sold into the Mortgage Backed Security Pools, the funds received from the sale were never properly accredits to Affiants'/Plaintiff's Account. Remember, the originating bank never paid for the privilege of keeping the funds from such a sale. THERE WAS NO LOAN from the originator. Therefore any funds received from the sale of the Promissory Note, Deed of Trust or from the mortgage backed security pools should be credited to Affiant/Plaintiffs.

See Complaint Paragraph 58. Plaintiffs argue that the subsequent foreclosure documents and foreclosure process which flowed from the assignment were invalid as a result. *Id.* Paragraphs 58-64. Thus, according to Plaintiffs, the mortgage is unenforceable and Plaintiffs are allowed to stop making mortgage payments and live in their home for free. Federal courts have addressed claims like this one on multiple occasions. Where a borrower challenges the validity of his mortgage based on an alleged improper assignment to a securitized trust alleged contravention of the rules and agreements creating the trust, courts have found that the borrower, who is not a party to the trust agreements, lacks standing to assert such claims.

The threshold issue in analyzing standing is determining whether the debtor can demonstrate an "injury in fact" by showing that he or she would be injured by the enforcement of a note and mortgage by a party acting under a defective assignment. *In re Walker*, 466 B.R. 271, 285 (E.D. Pa. 2012.) In *Walker*, a debtor argued that the lender's failure to strictly comply with a trust agreement deprived the lender of the right to enforce the underlying note. *Id*. at 279. The court rejected this argument, stating:

> In the past two (2) years, numerous courts have held that a borrower lacks standing to challenge a securitized trust's authority to enforce a loan note and mortgage based on purported violations of the underlying [pooling and service agreement ("PSA")]. Most of the reported decisions arise in cases in which the borrower initiated a lawsuit against the mortgagee seeking a determination that it lacked authority to enforce the subject note and mortgage or wrongfully foreclosed on the mortgage. … [I]t appears that a *judicial consensus* has

> developed holding that a borrower lacks standing to (1) challenge the validity of a mortgage securitization or (2) request a judicial determination that a loan assignment is invalid due to noncompliance with a pooling and servicing agreement, when the borrower is neither a party nor a third party beneficiary of a the securitization agreement.

*Id.* at 284-85 (emphasis added).  The *Walker* court held: "Because the note is a negotiable instrument and that [the mortgagee] is the holder [of] the instrument, the Debtor lacks standing to assert that [the mortgagee] cannot enforce the note due to an alleged failure to comply with the PSA." *Id.* at 285.  The debtor could not demonstrate an "injury in fact" because the debtor was "unaffected by any noncompliance with the PSA." *Id.* at 286.

A sister district court recently expressed agreement "with [*Walker*'s] 'judicial consensus' on this issue." *In re Sandford*, No 11-10-14424, 2012 WL 6012785, at *1.  (D.N.M. Dec. 3, 2012) (ruling that a debtor did not have standing to assert alleged violations of a trust agreement). In *Sandford*, the debtor objected to U.S. Bank's secured claim in a Chapter 11 bankruptcy.  The bank's claim was based on a promissory note secured by a mortgage on the debtor's house.  *Id.* The debtor argued that her loan documents were transferred to a securitized mortgage loan pool in violation of the applicable PSA. *Id.* The *Sandford* court stated; "[C]ase law is both uniform and abundant (*Walker's* 'judicial consensus') that a borrower lacks standing to challenge the validity of a loan assignment based on alleged noncompliance with a PSA, because the borrower is neither a party to the PSA nor a third party beneficiary." *Id.* at *3.  "The Court agrees with the reasoning of these decisions and will follow them." *Id.* [10]

---

[10] As *Sandford* stated, many courts have ruled that borrowers lack standing to challenge the validity of a loan assignment based on alleged noncompliance with a trust agreement.  *See e.g., Bateman v. Countrywide Home Loans*, 2012 WL 5593228, *4 (D. Haw. Nov. 14, 2012) ("borrowers generally lack standing to challenge the assignments of their loans"); *Metcalf v. Deutsche Bank Nat'l Trust Co.*, 2012 WL 2399369, at *4 (N.D. Tex June 26, 2012); *Lindsay v. America's Wholesale Lender*, 2012 WL 83475, at *3 (C.D Cal. Jan 10, 2012; *Brascos v. Federal Home Loan Mort. Corp.,* 2011 WL 3157063, at *6 (C.D Cal July 22, 2011); *Wittenberg v. First Independent Mortgage Co.*, 2011 WL 1357483, at *21 (N.D. W. Va. 2011); *Velasco v. Security*

Like the borrower plaintiffs in *Walker* and *Sandford*, Plaintiffs here do not have standing

to challenge the securitization of the mortgage into a trust because they were not a party or third-

party beneficiary to the PSA or assignment agreements.  Plaintiffs only obligation is to pay the

mortgage loan they used to acquire the home.  As this was not done, Plaintiffs' claims and

arguments based on the assignment and securitization of the Deed of Trust should be dismissed.

III.    **PLAINTIFFS' ARGUMENT THAT DEFENDANTS LACK STANDING TO FORECLOSE SHOULD BE DISMISSED BECAUSE THERE IS NO REQUIREMENT THAT THE BENEFICIARY PRODUCE THE ACTUAL NOTE IN A NON-JUDICIAL FORECLOSURE.**

Plaintiffs also contend that apparently none of the defendants have standing to foreclose

on the Property because they have not presented the original promissory note.  *See* Complaint

paragraphs 65-83.  Plaintiff requests that the Court resolve this issue "by requiring the original

Promissory Note, the Original Deed of Trust, and supporting transfer documents to prove

standing." *Id.* Paragraph 82.  Utah law does not contain such a requirement.

In *Needham v. Fannie Mae*, 854 F.Supp. 2d 1145 (D. Utah 2012), the plaintiff made

"wrongful foreclosure" arguments similar to Plaintiffs in this case, arguing that: (1) his note was

sold to investors; and (2) Wells Fargo did not have the original note to prove that it was

---

*Nat'l Mortg. Co.*, 823 F. Supp. 2d 1061, 1071 (D. Haw. 2011); *Wolf v. Fed. Nat'l Mortg. Assn.,* 830 F. Supp.2d 153, 161(W.D) Va.2011); *Livonia Property Holdings, LLC v. Farmington Road Holdings, LLC*, 717 F. Supp 2d724, 735 (E.D. Mich. 2010), *aff'd*, 399 Fed. Appx. 97 (6th Cir. 2010), *cert. denied*, 131 S. Ct 1696 (2011); *Bittinger v. Wells Fargo Bank NA,* 744 F. Supp. 2d 619, 625-26 (S.D. Tex. 2010); *In re Correia*, 452 B.R. 319, 324 (1st Cir. B.A.P. 2011) (affirming bankruptcy court's determination that the "debtors lacked standing to challenge the mortgage's chain of title under the PSA."); *Washington v. Saxon Mortg. Services (In re Washington),* 469 B.R. 587, 590 (Bankr. W.D. Pa. 2012); *In re Wright*, 2012 WL 2012 WL 27500, at *3 (Bankr. D. Haw. Jan. 5, 2012); *Kain v. Bank of New York Mellon (In re Kain)*, 2011 WL 6754073, at *3 (Bankr. E.D. Wis. Dec. 23, 2011; *In re Smoak*, 461 B.R. 510, 519 (Bankr. S.D. Ohio 2011); *Washington v. Deutsche Bank Nat'l Trust Co. (In re Washington)*, 468 B.R. 846, 853 (Bankr. W.D. Mo. 2011), *aff'd*, 2012 WL 4483798 (W.D. Mo. Sept. 28, 2012); *In re Almeida*, 417 B.R. 140, 149, n. 4 (Bank D. Mass.2009).

authorized to conduct a foreclosure. *Id.* at 1154.  The court held that "[n]one of these arguments are viable.  The Utah Court of Appeals and this court have rejected the notion that the sale or transfer of a note to investors has any effect on the beneficiary's security interest." *Id.* "Additionally, Utah law on nonjudicial foreclosure contains no requirement that the beneficiary produce the actual note." *Id.* (quotation omitted).

Similarly, in *Commonwealth Property Advocates, LLC v. Mortgage Electronic Registration System, Inc.*, 263 P.3d 397 (Utah Ct. App. 2011), the plaintiff argued that the securitization of the note stripped the assignee of its ability to foreclose on behalf of successor beneficiaries. *Id.* at 401-02. The court noted the "long-applied principle in our jurisprudence [is] that when a debt is transferred, the underlying security continues to secure the debt." *Id.* (citing *Carpenter v. Longan*, 83 U.S. 271 (1872) ("[t]he transfer of the note carries with it the security, without any formal assignment or delivery, or even mention of the latter")). The court held that securitization of the promissory note following default did not nullify the rights of the lender's successors and assigns or the servicer of the loan. *Id.* at 397; *Scarborough v. LaSalle Bank Nat'l Ass'n.*, *et al*, 460 Fed. Appx. 743, 751 (10th Cir. 2012) (following the Utah Court of Appeals, which "rejected as 'an incorrect legal assertion' the underlying theory… 'that securitization [of a mortgage] nullifie[s] [the] rights' of the holder of the underlying trust deed and its nominees").

Finally, in *Nielsen v. Aegis Wholesale Corp.*, No. 2:10-cv-606-DS, 2011 WL 16751778 (D. Utah 2011), the court noted that "this Court has already rejected the 'split the note' theory, including in the 'securitization' context." *Id.* *2. The court held:

> Furthermore, the court confirms the already-established holding that identification of the note holder is not necessary in non-judicial foreclosures in Utah. … [T]here is no duty to produce the actual note or name the holder in order to authorize the trustee to foreclose on the Property.  The identity of the beneficiary has no effect on whether the borrower has made its required monthly payments, which is

> default under the plain terms of the note. [Plaintiff] does not contend that she has
> made the payments, and default on the [note] is admitted. Nor does the identity of
> the beneficiary have any effect on the notice and sale requirements for a non-
> judicial foreclosure.
> …
> Hence, since the facts have established that she executed the [deed of trust], that it
> was notarized and recorded, and that it has not been reconveyed or satisfied, there
> is no basis for [plaintiff] to claim that the [deed of trust] is not a valid
> encumbrance against their title and she therefore cannot make out a claim for
> quiet title. .. For the foregoing reasons, it is hereby ordered that [defendant's]
> motion to dismiss I granted.

*Id.* at *2-3. Like the plaintiffs in *Needham, Commonwealth* and *Nielsen*, Plaintiffs in this case argue that Defendants do not have standing to enforce the Deed of Trust because the loan was assigned and securitized and Defendants have not produced the actual note. However, Utah courts have consistently and definitively rejected these arguments. Whether the actual note is produced has no bearing on Plaintiffs' failure to make their monthly mortgage payments. Accordingly, Plaintiff's argument that Defendants lack standing to foreclose should be rejected.

## IV.     PLAINTIFFS' CONVERSION CLAIMS SHOULD BE DISMISSED.

Although it is difficult to determine with certainty, Plaintiffs appear to allege that LoanLeaders of America, the entity that originated the loan, somehow converted the Note because Plaintiffs did not actually receive the funds which were subject of the Note. (*See* Complaint Paragraphs 44-48.) This is nonsense. "A conversion is an act of willful interference with a chattel, done without lawful justification by which the person entitled thereto is deprived of its use and possession." *Jones v. Salt Lake City Corp.,* 78 P.3d 988, 922 (Utah Ct. App. 2003) (citations omitted). Specifically, "a party alleging conversion must show that he or she is entitled to immediate possession of the property at the time of the alleged conversion." *Id.*, (citations omitted.)

- "Defendant LOANLEADERS intentionally interfered with the Promissory Note by taking possession of it, exercising dominion and control over it, to convert it to their

own uses and designs without giving any consideration for the Promissory Note. They abused their power as a financial institution to divert the Promissory Note to an account where the Promissory Note was treated as a money equivalent for the purpose of pretending that it was their consideration for a loan." (*See* Complaint paragraph 47.)

- "Affiants/Plaintiffs were deprived of the Promissory Note so they could not use the Promissory Note to obtain a proper loan." (*See* Complaint paragraph 48.)

Plaintiffs appear to allege that the Note is the chattel and that Defendants somehow deprived Plaintiffs of their use of the Note. This argument is nonsensical as Plaintiffs signing of the Note and Deed of Trust resulted in the Loan which allowed them to purchase and continue living in the home. There is no dispute that Plaintiffs obtained the Loan and that funds were applied towards the purchase of the residence that they have lived in for years. Plaintiffs' apparent arguments that LoanLeaders either did not give appropriate consideration for the Note or traded the Note as money equivalent does not give rise to a conversion claim. However, Plaintiffs have not alleged that LoanLeaders did not deliver the principal under the Note or were without lawful justification to enter the transaction. At a minimum, Plaintiffs have not shown that the Trust Defendants have done anything to interfere with the Note or to deprive Plaintiffs of possession of anything. For these reasons, Plaintiffs' conversion claims should be dismissed.

## V.   PLAINTIFFS CANNOT ESTABLISH THE ELMENTS OF FRAUD.

Plaintiff's fraud claim should be dismissed because it does not set forth the elements of a fraud claim and is not pled with the particularity required under Rule 9(b) of the Federal Rules of Civil Procedure. "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).

"Fraud requires proof:
(1) That a representation was made;
(2) concerning a presently existing material facts;
(3) which was false and;
(4) which the representor either (a) knew to be false or (b) made recklessly, knowing that there was insufficient knowledge upon which to base such a representation,
(5) for the purpose of inducing the other party to act upon it and;

(6) That the other party, acting reasonably and in ignorance of its falsity;
(7) did in fact rely upon it;
(8) and was thereby induced to act;
(9) to that party's injury and damage."

*Shah v. IHC, Inc.,* 314 P.3d 1079, 1085 (Utah Ct. App. 2013). "[T]he mere recitation by a

plaintiff of the elements of fraud in a complaint does not satisfy the particularity requirement."

*Armed Forces Ins. Exch. v. Harrison*, 70 P.3d 35, 40 (Utah 2003). A plaintiff must identify the

time and place, and content of each allegedly fraudulent representation or omission, identity of

the particular defendant responsible for it, and identify the consequences thereof. *Schwartz v.*

*Celestial Seasonings, Inc.*, 124 F.3d 1246, 1250 (10th Cir. 1997); *see also Cook v. Zions First*

*National Bank*, 645 F. Supp. 423, 425-25 (D. Utah 1986) ("Plaintiffs have not set forth in

specific terms the time, place, content, manner of each defendant's alleged material

misrepresentation or otherwise fraudulent conduct.  And plaintiffs have not alleged that any

specific defendant had specific intent to fraudulently misrepresent facts for the purpose of

inducing plaintiffs to rely on the misrepresentation to their detriment.")

Plaintiffs have failed to state a claim for fraud against the Trust Defendants. The only

allegations regarding Ocwen are the assertions that Ocwen allegedly told Plaintiffs that they

would modify their loan and then said there would be no modification which dashed Plaintiff's

hopes. (*See* Complaint paragraphs 90-91).  Fundamentally, even if the allegations were true

(which they are not), there is nothing false about stating that a modification will be made and

then later stating differently.  There could be a myriad of reasonable explanations for such a

change in position, and Plaintiffs have done nothing to show that any alleged original

representation was knowingly false.  Additionally, Plaintiffs have not pled anything regarding

reliance on the representation or how any representation induced them to act.  Finally, Plaintiffs

have not alleged any financial harm as a result of the representations.

14

Plaintiffs' fraud claim also lacks the particularity required by Rule 9(b).  Plaintiffs have not alleged any particularities regarding the time, place, content and manner of Ocwen's alleged material misrepresentation.  Plaintiffs have not even pled who made the alleged statements.  For this additional reason, the fraud claim should be dismissed.

## VI.   PLAINTIFFS' VARIOUS CLAIMS FOR LENDING VIOLATIONS SHOULD BE DISMISSED BECAUSE PLAINTIFFS MISINTERPRET OR MISAPPLY THE RELEVANT STATUTES AND REGULATIONS.

In support of Plaintiffs' various claims for lending and closing violations, they cite several statutes and regulations.  Because they have misinterpreted or misapplied each of these statutes and regulations, they have failed to state claims thereunder.  Despite a lack of clarity about what claims they are actually making, Defendants will address each of the cited statutes and regulations and explain why Defendants are not liable under them.

### a.   Article 9 of the UCC does not Apply to Real Estate Transactions.

Plaintiffs allege that under Article 9 of the Uniform Commercial Code, First American Title and LoanLenders of America "discriminatorily failed to acquire the UCC-1 lien and failed to provide papers for the borrower to sign acknowledging receipt of said UCC-1 lien." (*See* Complaint para. 38.)  While this argument does not specifically address the Ocwen or Wells Fargo Defendants, even if it did it would not state a claim.  Article 9 o the UCC "does not apply to … the creation or transfer of an interest in or lien on real property." Utah Code § 70A-9a-109(4)(k); *Board of Equalization of Salt Lake County v. First Sec. Leasing Co.*, 881 P.2d 877, 879 n. 1 (Utah 1994) ("[w]e note that chapter 9 of the UCC does not apply to real property").  Article 9 of the UCC is thus inapplicable to this case regarding an interest in real property, and any claims under the UCC must be dismissed.

**b.  Plaintiffs' TILA Claims are Barred by the Statute of Limitations.**

Plaintiffs argue that under Regulations Z, Part 226 and 15 U.S.C. § 1601, Horizon Title was required to provide Plaintiffs certain documents and/or information that it allegedly did not provide.  (*See* Complaint Para 11-13)  Plaintiffs refer to these claims as arising under the Fair Debt Collection Practices Act, but the cited statues are actually found in the Truth in Lending Act ("TILA").  Plaintiffs' TILA claims do not refer to Ocwen or Wells Fargo.  Regardless of who the TILA claims are against, they fail because they are time barred.  "An action under TILA may be brought… within one year from the date of the occurrence of the violation." *Heil v. Wells Fargo bank, N.A.*, 298 Fe. Appx. 703, 706 (10th Cir. 2008) (affirming district court's barring of TILA claims under one-year statute of limitations in 15 U.S.C. § 1640(e)) (citations omitted). "the limitations period on a TILA claim begins running on the date the loan closed"); *Delino v. Platinum Community Bank,* 628 F. Supp. 1226, 1233 (S.D. Cal. 2009) (one year statute of limitations "typically run[s] from the date of the loan execution"); *Tucker v. Beneficial Mortg. Co.*, 437 F. Supp 2d 584, 589 (E.D. Va. 2006) ("the date of the occurrence of the violation is not later than the date the plaintiff enters the loan agreement").

Plaintiffs TILA claims are barred under 15 U.S.C. § 1640(e) because Plaintiffs did not assert the claims within one year of the date of entering the Loan.  Plaintiffs entered the mortgage on or about February of 2007.  See **Exhibit "B"** attached.  Plaintiffs did not file their Complaint until July of 2014, 7 years later.  Accordingly, Plaintiff's TILA Claims are barred by the statue of limitations and should be dismissed with prejudice.

To the extent Plaintiffs assert the TILA claims against Ocwen, they should be dismissed for the additional reasons that Ocwen did not originate the loan and cannot be held liable as a loan servicer.  *See Henson v. Bank of America*, 935 F.Supp. 2d 1128, 1146-47 (D. Colo. 2013)

citing *Chow v. Aegis Mortg. Corp.*, 286 F. Supp 956, 959 (N.D. Ill. 2003) (holding that the only

parties who can be liable for TILA violations are the original creditor and assignees of that

creditor; "servicers of consumer obligations are not to be treated as assignees for purposes of

imposing liability unless they are also the owner of the obligation")). "TILA expressly disclaims

any liability of loan servicers" and "recognizes that loan servicers do not become subject to its

terms on the basis of assignment." *McDaniel v. Denver Lending Group, Inc.*, No 08-cv-02617-

PAB-KLM, 2009 WL 1873581, at *14 (D. Colo. June 30, 2009); *see also* 15 U.S.C. § 1641 (f)

("[a] servicer of consumer obligation arising from a consumer credit transaction shall not be

treated as the owner of the obligation for purposes of this section on the basis of an assignment

of the obligation from the creditor or another assignee to the servicer solely for the

administration convenience of the servicer in servicing the obligation").  Plaintiffs assert that

LoanLeaders, not Ocwen was the originator of the loan.  (See Complaint para. 34.) Ocwen is

merely the current servicer of Plaintiff's Loan and cannot be held liable under TILA.  For this

additional reason, Plaintiff's TILA Claim should be dismissed with prejudice.

### c.   There is No Private Cause of Action for the Alleged Violation of the Act Establishing the Federal Deposit Insurance Company Claimed by Plaintiffs.

Plaintiffs make various references to statutes found in the code provisions establishing

the Federal Deposit Insurance Corporation.  (See Complaint Para 11-12) (referring to 12 U.S.C

§1813 (L)(1&2); 12 U.S.C § 1828 (g)(2); 12 U.S.C § 1831(l)(1).) Again, it does not appear that

Plaintiffs assert these claims against Trust Defendants.  Regardless of who the claims are

asserted against, however, they should be dismissed.  There is no private cause of action under

the statutes cited by Plaintiffs. *See* 12 U.S.C. § 1833a (stating that any violations of the Federal

Deposit Insurance Corporation statutes must be brought by the Attorney General). Accordingly,

any claims asserted under these laws are not Plaintiffs' to make and should be dismissed.

17

VII.   **PLAINTIFF JACKIE BURROWS' BANKRUPTCY DOES NOT LIST THE REAL PROPERTY AS AN ASSET OR A POTENTIAL ASSET OR A $6 MILLION DOLLAR LAWSUIT.**

Plaintiff Jackie Burrows Chapter 13 Bankruptcy Plan filed on or about March 4, 2014 does not list the Subject Property as an "asset" nor does it list the current $6 Million dollars lawsuit as a "potential asset" which the bankruptcy court would take into account when considering a debtor's eligibility for bankruptcy.  See **Exhibit "G,"** page 4.  The Bankruptcy was later dismissed, just like the previous two bankruptcies.

Plaintiff Jackie Burrows' Chapter 13 Plan instead shows her plan to cure prepetition arrears and make post-petition payments on the Subject Property.  See **Exhibit "G,"** pages 3-4. If Plaintiff Jackie Burrows truly believed this lawsuit had validity, she was required to put it into her bankruptcy plan as assets or potential assets.  That she failed to report the present case as a potential asset or the house as an "asset" demonstrates the futility and absurdity of these claims. There is no actual claim for $6 Million dollars, and no free house that the Plaintiffs are entitled to.

### CONCLUSION

For the foregoing reasons, the Court should dismiss all of Plaintiffs' claims in the Complaint with prejudice.

DATED:  August 13, 2014.

WRIGHT FINLAY & ZAK, LLP.

BY:     /s/ R. Samuel Ehlers, Esq.
*Attorneys for Defendants Ocwen Loan Servicing, LLC, erroneously sued as "Ocwen Financial Corporation" and Wells Fargo Bank, N.A. as Trustee for Soundview Home Loan Trust 2007-OPT1, Asset-Backed Certificates, Series 2007-OPT1 erroneously sued as only "Wells Fargo, N.A."*

## CERTIFICATE OF SERVICE

The undersigned hereby declares and certifies that on August 13, 2014, a copy of the

**DEFENDANTS' OCWEN LOAN SERVICING, LLC, AND WELLS FARGO BANK, N.A.**

**AS TRUSTEE FOR SOUNDVIEW HOME LOAN TRUST 2007-OPT1, ASSET-BACKED**

**CERTIFICATES, SERIES 2007-OPT1 MOTION TO DISMISS WITH PREJUDICE**

 was served on the parties below via US Regular Mail and ECF:

> Lonn Burrows
> Jackie Burrows
> 12939 South 4400 West
> Riverton, Utah 84096
> *Plaintiffs Pro Se*
>
> K. Bradley Carr
> Law Offices of James H. Woodall,
> 10808 River Front Parkway, Suite 175
> South Jordan, Utah 84095
> *Attorneys for Defendant Woodall*

            /s/ Kathleen A. Maasry
                An employee of
                WRIGHT FINLAY & ZAK, LLP