# Exhibit G

# Exhibit G

# Exhibit G

David T. Berry (4196)
Leasa M. Tripp (8005)
BERRY & TRIPP p.c.
5296 South Commerce Dr., Suite 200
Salt Lake City, UT 84107
Tel: 801-265-0700
Fax: 801-263-2487
E-mail: slc@berrytripp.com

Attorneys for Debtor(s)

Debtor(s) Address:
4734 Whisper Point Drive
Saint George, UT 84790

## IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF UTAH

| In re: JACKIE L. BURROWS | : | Case No. 14-21398 |
| xxx-xx | : | Chapter 13 |
| | : | (filed electronically) |
| Debtor(s). | : | |
| | : | Judge William T. Thurman |

**CHAPTER 13 PLAN**
**MOTION TO VALUE COLLATERAL AND AVOID LIENS UNDER 11 U.S.C. § 506**
**MOTION TO AVOID LIENS UNDER 11 U.S.C. § 522(f)**

Original Plan [x]   Amended Plan [ ]   Modified Plan [ ]   Dated: March 4, 2014

CREDITORS, YOUR RIGHTS WILL BE AFFECTED. You should review this Plan and any motion herein and any motion herein and discuss it with your attorney. If you disagree with the terms herein, you must file with the bankruptcy court a written objection before the deadline stated in the *Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors and Deadlines*. In the absence of a timely written objection, the court may grant the requested relief and confirm the Plan without further notice or hearing.

1. PLAN PAYMENTS.

    (a)   Fixed Monthly Payment: Debtor(s) shall pay $_____ per month to the Chapter 13 Trustee until completion of the Plan. Such payments are due on the 25th day of each month.

    (b)   Step Payments: Debtor(s) shall pay $600.00 for 2 months to the Chapter 13 Trustee with payments changing thereafter to -- $900.00 until completion of the Plan.
All of such payments are due on the 25th day of each month.
Explanation of Step Payments: This is a under median case. Stepped Plan Payments occur due to the following:
Step Payment increase-month 2 (05/2014)

    (c)   Contribution of Tax Refunds: For the next three tax years of **2013, 2014** and **2015**, the Debtor(s) shall pay into the Plan yearly state and federal tax refunds that, when combined, exceed $1,000 or $2,000 if allowed under applicable law (see section 10).

Burrows, 14-21398                                                    Chapter 13 Plan, Page 2

**2. APPLICABLE COMMITMENT PERIOD.** Pursuant to § 1325(b)(4), as calculated under Part II of Form 22C, the Applicable Commitment Period fo this case is [x] 3 years or [ ] 5 years. Therefore, Plan payments shall be made for the following period:

- [x] Not less than 36 months but extended as necessary for no more than 60 months to complete the required Trustee distributions under the Plan.

**3. RETURN TO ALLOWED NONPRIORITY UNSECURED CLAIMS.** Unless this is a 100% Plan, the amount to be distributed on such claims shall be the greater of the amount set forth below, or the pro rata distribution, if any, resulting from the Plan Payment multiplied by the Applicable Commitment Period of section 2 plus all tax refunds required under subsection 1(c).

Base Plan: The Debtor(s) shall make monthly Plan payments for not less than the Applicable Commitment Period of section 2. After payment in full of all other disbursements provided for herein, the balance, if any, will be distributed pro rata among allowed nonpriority unsecured creditors.

**4.    TRUSTEES PERCENTAGE FEE.** The Trustee shall collect the statutory fee of 28 U.S.C. § 586(e) for any disbursements actually or constructively made by the Trustee under the Plan or pursuant to the Bankruptcy Code, the Local Rules, or a court order.

**5. ATTORNEY FEES.** Counsel for Debtor(s) request(s) an award of attorney fees and costs in the amount of [ ] $3,000 [x] $3,250 [ ] $3,500. Counsel may request additional fees by complying with the notice and hearing requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules. The unpaid balance of attorneys fees shall be paid as follows:

- [x] Monthly pro rata distributions from available Plan payments until paid in full (see subsection 9(b)).

- [ ] Fixed monthly payments of $_____, accruing with the first payment under the Plan until paid in full (see subsection 9(b)).

**6. TREATMENT OF SECURED CLAIMS.**

(a) _____ Motion To Value Collateral And To Void Liens Under 11 U.S.C. § 506: The Debtor(s) move(s) the court to value the collateral in the amount stated in the Debtor(s) proffered value below. Unless a timely objection is filed to this motion to value, the court will fix the value of the collateral consistent with the Debtor(s) proffer without further notice or hearing. A creditor's filing of a proof of claim asserting a value different than the Debtor(s) proffered value does not constitute an objection to confirmation. If this case is dismissed or converted before the entry of a discharge, creditors impacted by this subsection shall retain their lien to the extent allowed by § 1325(a)(5)(B). The resulting allowed secured claim of such creditor shall be paid *the lesser of* (1) the value as fixed by the court, or (2) the secured amount asserted in the proof of claim, including any subsequent amendments or modification by court order. The portion of any such allowed claim that exceeds the amount of the allowed secured claim shall be treated as a nonpriority unsecured claim under section 3.

Burrows, 14-21398                                                                  Chapter 13 Plan, Page 3

| Creditor Description of Collateral | Amount of Debt per Schedule D ($) | Debtor(s) Proffer of Collateral Value ($) | Interest | | Adequate Protection | | Equal Monthly Payment Thereafter ($) |
|---|---|---|---|---|---|---|---|
| | | | Rate (%) | Accrual Date (see ¶6(h)(3)) | Monthly Payment ($) | No. of Months | |
| None | | | | | | | |
| | | | | | | | |

(b)  **Secured Claims Not Subject To 11 U.S.C. § 506**: Pursuant to § 1325(a)(9), the following claims are not subject to "cramdown" under § 506. The allowed secured claim of such creditor shall be the secured amount listed in the allowed proof of claim, unless modified by an amended claim or court order.

| Creditor Description of Collateral | Estimated Secured Claim ($) (proof of claim controls) | Interest | | Adequate Protection | | Equal Monthly Payment Thereafter ($) |
|---|---|---|---|---|---|---|
| | | Rate (%) | Accrual Date (see ¶6(h)(3)) | Monthly Payment ($) | No. of Months | |
| None | | | | | | |
| | | | | | | |

(c)  **Secured Tax Claims**: Any allowed secured tax claim filed by a governmental unit shall be paid the secured amount set forth on the proof of claim, unless the Plan specifically modifies the amount of the secured tax claim by setting forth different treatment of the claim in the table below. Secured claims of governmental entities will be paid at the interest rate stated in the proof of claim; or, if no interest rate is stated in the proof of claim, at the estimated statutory rate 2.0%. Nothing in this subsection shall prohibit the Debtor(s) from filing a timely objection to a deemed-allowed secured tax claim, or prohibit a governmental unit from amending its secured tax claim.

| Governmental Unit | Estimated Secured Claim ($) (proof of claim controls) | Estimated Statutory Interest | | Adequate Protection | | Equal Monthly Payment Thereafter ($) |
|---|---|---|---|---|---|---|
| | | Rate (%) | Accrual Date (see ¶6(h)(3)) | Monthly Payment ($) | No. of Months | |
| | | | | n/a | n/a | n/a |
| | | | | | | |

(d)  **Curing Prepetition Defaults and Making Postpetition Payments**: The Trustee shall disburse on allowed arrearage claims, and the Debtor(s) shall make regular postpetition payments directly to these creditors pursuant to the terms of the original contract beginning with the next payment due after the petition date. Postpetition payments made directly by the Debtor(s) to such creditor(s) may change due to an adjustable rate note, escrow requirements, etc., and notices of such payment changes shall be provided to the Debtor(s). The arrearage claim will be in the amount in the allowed proof of claim, unless modified by an amended claim or court order.

Burrows, 14-21398                                                                Chapter 13 Plan, Page 4

| Creditor Description of Collateral | Estimated Arrearage ($) (proof of claim controls) | Interest Rate (%) | Equal Monthly Payment ($) | Equal Monthly Payment Start Date |
|---|---|---|---|---|
| Nationstar Mortgage 1st Mortgage on Home: 4734 Whisper Point Dr, St George, UT 84790 | $44,000.00 | n/a | n/a | n/a |
| American Home Mortgage 1st Mortgage: 12939 Sunday Dr, Riverton, UT 84096 | $1.00 | n/a | n/a | n/a |

(e) <u>Surrender Of Collateral</u>: The Debtor(s) surrender(s) the following collateral to the secured creditor. Upon entry of the confirmation order, the automatic stay of § 362 and the co-debtor stay of § 1301 are terminated as to such collateral, and the Debtor(s) will immediately make the collateral available for repossession by the creditor. If the surrender is in full satisfaction of the claim, no unsecured deficiency claim will be allowed, and the Trustee shall not disburse on such claim. If the surrender is in partial satisfaction, the creditor will have 180 days from the confirmation hearing date to file an amended claim for an unsecured deficiency or such creditor's claim will be deemed paid in full. If neither full nor partial satisfaction is designated, surrender is deemed in partial satisfaction of the claim.

| Creditor | Collateral to be Surrendered | Effect of Surrender |
|---|---|---|
| None | | |
| | | |

(f) <u>Direct Payments by Debtor(s) on Claims Secured in Personal Property</u>: The Debtor(s) will directly make payments to the creditor(s) listed below pursuant to the following conditions: (1) the Debtor(s) will pay the claim without any modifications to the terms of the contract; (2) upon entry of the confirmation order, the automatic stay of § 362 and the co-debtor stay of § 1301 are terminated as to such collateral and claim(s); (3) the claim will not be discharged; and (4) neither the court nor the Trustee will monitor the Debtor(s) performance on direct payments to such creditor(s).

(g) <u>Motion To Void Liens Under § 522(f)</u>: The Debtor(s) move(s) to avoid the following liens because they impair the Debtor(s) exemption asserted on Schedule C in that there is no non-exempt equity to which any part of the lien may attach. Unless a timely objection is filed as to this motion, such liens shall be avoided upon entry of the confirmation order. The filing of a proof of claim asserting a secured claim with respect to such lien does not constitute an objection.

Burrows, 14-21398                                                      Chapter 13 Plan, Page 5

| Creditor | Identification of Collateral | Estimated Claim Amount ($) |
|---|---|---|
| None | | |
| | | |

    (h)    **Administrative Provisions Regarding Trustee Disbursements on Secured Claims**:

        (1)    Disbursements On Secured Claims. The Trustee shall disburse on secured claims only if all of the following conditions are met: (a) the Plan specifically provides that the Trustee shall disburse on the secured claim; (b) the secured claim is allowed under 11 U.S.C. §§ 502(a) and 506(a), meaning a secured proof of claim has been timely filed, or the claim has been allowed by court order; and (c) there is no pending objection or motion with respect to such proof of claim under Bankruptcy Rules 3007 (objection to claim) or 3012 (motion to value collateral). All disbursements are subject to the Trustee having received payments under the Plan.

        (2)    Adequate Protection Payments. The Adequate Protection columns in subsections 6(a), 6(b) and 6(c) fix the amount of monthly adequate protection and such payments shall accrue commencing with the first scheduled meeting of creditors under § 341 and continuing on the first day of each month thereafter for the number of months specified in such column. After this time, secured creditors will receive the Equal Monthly Payments set forth in such sections. Pursuant to LBR 2083-1(c), the Trustee may make preconfirmation disbursements of Adequate Protection payments; however, such payments will only be made if a secured proof of claim is filed in compliance with the applicable provisions of Bankruptcy Rules 3001, 3002 and 3004 before the earlier of the entry of an order dismissing or converting the case or the applicable claims bar date. Adequate Protection payments made during the period before interest begins to accrue on such claims shall be applied to reduce the principal balance of such claim, and adequate protection payments made or attributable to the period after interest begins to accrue shall be applied to unpaid principal and interest.

        (3)    Interest Accrual Date. In the Interest Accrual Date Column above, the designation "C" or "Conf." shall mean interest shall accrue and be paid from the effective date of the confirmation order and the designation "P" or "Pet." shall mean interest shall accrue and be paid from the petition date. If the Interest Accrual Date Column is left blank, interest shall accrue from the effective date of the confirmation order.

        (4)    Default Interest Rate. If the interest rate column is left blank in sections 6(a), 6(b) or 6(c), interest shall accrue and be paid at the rate set forth in the proof of claim. If the proof of claim does not specify an interest rate, then interest shall accrue and be paid at 6% per annum for subsections 6(a) and 6(b). If the interest rate column is left blank in section 6(d), no interest shall be paid on the arrearage claim.

7. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** All executory contracts and unexpired leases are rejected unless specifically listed below, in which case such are assumed under § 365, and the Debtor(s) will directly make postpetition lease or contract payments to the creditor(s) listed below pursuant to the following conditions: (1) the Debtor(s) will make such payments without any modifications to the terms of the contract or lease; (2) upon entry of the confirmation order, the automatic stay of § 362 and the co-debtor stay of § 1301 are terminated as to such leased property and indebtedness; (3) claims arising under the contract or lease will not be discharged; and (4) neither the court nor the Trustee will monitor the Debtor(s) performance on direct payments to such creditor(s).

Burrows, 14-21398                                                      Chapter 13 Plan, Page 6

**8. PRIORITY CLAIMS.** Claims entitled to priority under 11 U.S.C. § 507(a), including domestic support obligations and unsecured taxes, will be paid in full. The allowed amount of any priority claim will be the amount in the proof of claim, unless modified by an amended claim or court order. If the Plan provides for interest on nonpriority unsecured claims, such interest shall also be paid on priority claims. The Debtor(s) shall remain current on all postpetition domestic support obligations during the Plan term.

**9. PLAN DISTRIBUTIONS.**

(a)  Allowance Of Claims. Except as otherwise specified in section 6(a) of the Plan, the amount of all allowed claims to be paid through the Plan shall be determined using the applicable provisions of the Bankruptcy Code and the Bankruptcy Rules. A proof of claim must be timely filed or specifically allowed by an order of the court to receive any disbursements from the Trustee under the Plan.

(b)  Order Of Distribution. The Trustee shall collect the percentage fee under section 4 and then pay allowed claims in the following order:

| | |
|---|---|
| Class 1: | Adequate Protection Payments and Equal Monthly Payments under section 6 pursuant to the amounts and timing provided in such section until paid in full; |
| Class 2: | Attorney's fees as provided for in section 5 until paid in full; |
| Class 3: | Priority Domestic Support Obligations under § 507(a)(1) until paid in full; |
| Class 4: | Secured Claims paid by the Trustee that are not entitled to Adequate Protection Payments or Equal Monthly Payments until paid in full; |
| Class 5: | Other priority claims until paid in full; then |
| Class 6: | Nonpriority unsecured claims until paid the return required by section 3. |

(c) Administrative Provisions Regarding Adequate Protection And Equal Monthly Payments.

(i) If monthly Adequate Protection Payments or Equal Monthly Payments are specified on a claim, such monthly payments must be current in that all monthly payments due through the date of distribution shall be paid, but such claim need not be paid in full before distributions can be made to lower-level Classes. After the full payment of allowed attorney's fees, the Trustee may, but is not required to, disburse to creditors with designated Adequate Protection or Equal Monthly Payments amounts greater than such designated payments to facilitate the prompt administration of the case. To the extent there are insufficient funds to make the required Adequate Protection or Equal Monthly Payments to all creditors in a particular class, the Trustee shall make a pro-rata distribution to such class. Unpaid portions of Adequate Protection or Equal Monthly Payments from a prior month will first be brought current before disbursements are made to lower classes, and Adequate Protection Payments will be brought current before disbursements are made on Equal Monthly Payments.

(ii) If no monthly payments are specified on a claim, payments will be paid pro rata within the designated class, and a higher-level Class will be paid in full pursuant to the Plan before distributions will be made to a lower-level Class.

Burrows, 14-21398                                                                          Chapter 13 Plan, Page 7

**10. CONTRIBUTION OF TAX REFUNDS.** If section 1 of the Plan so requires, the Debtor(s) shall pay into the Plan the net total amount of yearly state and federal tax refunds that exceed $1,000 for each of the tax years identified in such section. If in an applicable tax year the Debtor(s) receive an Earned Income Tax Credit ('EIC') and/or an Additional Child Tax Credit ('ACTC') on their federal tax return, the Debtor(s) may retain up to a maximum of $2,000 in tax refunds for such year based on a combination of the $1,000 allowed above plus the amount of the EIC and/or ACTC credits up to an additional $1,000. On or before April 30 of each applicable tax year, the Debtor(s) shall provide the Trustee with a copy of the first two pages of filed state and federal tax returns. The Debtor(s) shall pay required tax refunds to the Trustee no later than June 30 of each such year. However, the Debtor(s) are not obligated to pay tax overpayments that have been properly offset by a taxing authority. Tax refunds paid into the Plan may reduce the overall Plan term to no less than the Applicable Commitment Period, but in no event shall the amount paid into the Plan be less than thirty-six (36) Plan payments plus all annual tax refunds required to be paid into the Plan.

**11. PLAN MODIFICATION.** With the affirmative consent of the Trustee, and unless a party-in interest-objects, the Debtor(s) may modify the Plan postconfirmation under § 1329, without further notice to creditors, to conform the Plan to the class, status, amount, value or interest rate set forth in a proof of claim (or otherwise asserted by a creditor) so long as such modification does not have a negative impact on any creditor not receiving notice, other than the delay in receiving the first distribution.

**12. OTHER PLAN PROVISIONS:**

(a)  Any order confirming this Plan shall constitute a binding determination that the Debtor(s) has/have timely filed all of the information required by 11 U.S.C. § 521(a)(1).

(b)  Section 5 is modified to provide for the balance of attorney fees owing in the amount of $4000.00, less any retainer paid prepetition, to be paid through the Chapter 13 Plan as an administrative expense. If no fee application is filed, the 'presumptive' fee applies.

(c)  Adequate Protection Payments, if any, shall continue until all attorney fees and priority domestic support obligation under § 507(a)(1) (DSO) claims, if any, are paid in full under the Plan. The No. of Months for Adequate Protection Payments shown in Section 6 is an estimate and will be adjusted once attorney fees and DSO claims have been determined.

(d)  Secured claims under sections 6(c) shall be paid monthly pro rata distributions from available Plan payments until paid in full (see Section 9(b)).

(e)  Pre-petition arrearage claims listed under Section 6(d) shall be paid monthly pro rata distributions from available Plan payments until paid in full (see Section 9(b)). The creditor may continue to mail customary notices or payment coupons to the Debtor(s) regarding the post-petition payments to be paid directly by the Debtor(s) notwithstanding the automatic stay.

(f)  Section 6(e) is modified to allow creditors a maximum of 180 days from the petition date to file an amended claim for an unsecured deficiency, if the surrender is in partial satisfaction, or such creditor's claim will be deemed paid in full.

Burrows, 14-21398                                                          Chapter 13 Plan, Page 8

    (g)    Section 6(h)(4) is modified to provide for a default interest rate of 0.12 % per annum, rather than 6.0%.

    (h)    Any allowed secured claim filed by a taxing authority not otherwise provided for by this Plan shall be paid in full at the same distribution level as arrearage claims provided for under paragraph 6(d), with interest at the rate set forth on the proof of claim; or, if no interest rate is stated in the proof of claim, at the estimated statutory rate 2.0%. Interest will accrue from the confirmation date. A taxing authority is defined as a governmental entity with statutory authority to levy or lien, through which the governmental entity obtains secured status. This includes, but is not limited to, offices of the State of Utah, the Internal Revenue Service, and Washington County.

    (i)    General unsecured creditors should expect to receive a $0 return under this Plan. However, creditors are encouraged to file claims to receive distribution in the event funds become available for distribution to the unsecured class prior to discharge from Plan payments and tax refunds contributed to the Plan.

    (j)    The Debtor(s) seek(s) an Order for the following creditor specific Plan treatment:

| Creditor<br>Description of Collateral<br>Estimated Claim ($) | Proposed Treatment | Reason for Separate Classification |
|---|---|---|
| Mountain America Credit Union<br>2005 Chevy SSR<br>$15,400.00 | This claim shall be paid directly by a third party, without any modification to the terms of the original debt or security documents. If default occurs, the creditor may exercise their remedies against the collateral, and to the extent they have timely filed an allowed claim, a resulting deficiency shall be paid through the Plan as a Class 6 general unsecured claim. | Third Party Pay |
| Wells Fargo Bank<br>2006 GMC Canyon<br>$8,400.00 | This claim shall be paid directly by a third party, without any modification to the terms of the original debt or security documents. If default occurs, the creditor may exercise their remedies against the collateral, and to the extent they have timely filed an allowed claim, a resulting deficiency shall be paid through the Plan as a Class 6 general unsecured claim. | Third Party Pay |

13. CERTIFICATION. By signing this Plan, counsel certifies that this Plan does not alter the provisions of this Model Plan Form, except as set forth in section 12 above. Any revisions to the Model Plan Form not set forth in section 12 shall not be effective.

END OF PLAN

March 3, 2014            /s/_David T Berry_____
   Date                   BERRY & TRIPP, p.c., Attorney for Debtor(s)