Lonn Burrows
Attorney-in-fact
Jackie Burrows
Attorney-in-fact
c/o 12939 South 4400 West
Riverton, Utah 84096
801-560-5392

FILED
U.S. DISTRICT COURT

2014 AUG 22 P 3: 25

DISTRICT OF UTAH

BY:_____
DEPUTY CLERK

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
## DISTRICT OF SALT LAKE CITY

| | |
|---|---|
| Lonn Burrows, a living man<br>Jackie Burrows, a living woman<br>    Affiants/Plaintiffs<br>Vs<br>LOANLEADERS OF AMERICA CORPORATION, a California Corporation;<br>OPTION ONE MORTGAGE CO. kna SAND CANYON CORPORATION, a California Corporation;<br>FIRST AMERICAN TITLE OF UTAH, a Utah Corporation:<br>WELLS FARGO BANK, N.A., a Delaware Corporation; Martin Fogelman, loan officer, a California resident; OCWEN FINANCIAL CORPORATION fka HOMEWARD RESIDENTIAL, INC. fka AMERICAN HOME MORTGAGE SERVICING, INC, a Delaware Corporation; LAW OFFICES OF JAMES H. WOODALL PLLC, a Utah LLC; James H. Woodall, a Utah resident. and<br>John Does 1-99.<br>    Defendants | Case No. 2:14-CV-00544 DN<br><br>**ANSWER AND MEMORANDUM TO DEFENDANT WOODALL'S MOTION TO DISMISS WOODALL**<br><br>District Court Judge ~~Clark Waddoups~~<br>    David Nuffer<br><br>**TRIAL BY JURY DEMANDED** |

Affiants/Plaintiffs Burrows submit this answer to Defendants James H. Woodall and LAW OFFICES OF JAMES H. WOODALL PLLC's motion to dismiss, by Plaintiffs affidavit.

## I. AFFIDAVIT DECLARATIONS

1.) COMES now, Lonn Burrows and Jackie Burrows, Affiants/Plaintiffs, being competent and capable to testify and over the age of 21 years of age, being duly sworn according to law to tell the truth to the facts related herein, state that they have firsthand knowledge of the facts stated herein and believe that these facts to be true and correct to the best of their belief, knowledge and understanding.

2.) Affiants/Plaintiffs testify that they are Sentient Beings on the land.

3.) Affiants/Plaintiffs are aware and know that this Affidavit can only be rebutted, point by point by counter Affidavit, subscribed and sworn to under penalty of perjury within twenty (20) business days, date of receipt excluded. *"An affidavit is simply a method of placing evidence of a fact before the court." Brown v. Jorgensen, 2006 UT App 168, 136 P. 3d 1252 (Utah Ct. App. 2006)* and pursuant to the *Legal Encyclopedia 3 Am Jur 2d.*

4.) Affiants/Plaintiffs are aware and know that Affidavits are insufficient unless they contain allegations that are direct and unequivocal and perjury can be assigned upon them. The chief test of the sufficiency of an affidavit is its ability to serve as a predicate for perjury prosecution. Thus, the general test applied to determine the sufficiency of an affidavit is whether *"if the facts to which the Affiant swears are false, the Affiant may be prosecuted and convicted of perjury."* **Hall v. Furlong, 77 F.3d 361, 363 (10th Cir. 1996),** *See also Peterson v. Garmin Int'l Inc., 833 F. Supp. 2d. 1299, 2011 U.S. Dist. Lexis 67628 (D. Kan. 2011; Yero v. Gonzales, 236 Fed. Appx. 451, 2007 U.S. App. Lexis 13571 (10th Cir. 2007); Blakely v. USAA. Cas. Ins. Co., 2012 U.S. Dist. Lexis 175396,*

*2012 WL 6115625 (D. Utah Dec. 10, 2012); 3 Am Jur 2d §20 Sufficiency. P. 404; and 28 U.S.C. § 1746:*

> a. [w]herever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or **affidavit**, in writing of the person [36] making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of **perjury**, and dated, in substantially the following form:
> (2)    If executed without the United States: "I declare (or certify, verify, or state) under penalty of **perjury** under the laws of the United States of America that the foregoing is true and correct. Executed on (date).
> 
> i.  (Signature)".
> (3)    If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of **perjury** that the foregoing is true and correct. Executed on (date).
> i.  (Signature)".

5.) Affiants/Plaintiffs are aware and know that a statement or declaration that is made under penalty of **perjury** in compliance with *28 U.S.C. § 1746*, *"ha[s] the force of an affidavit or sworn declaration." Hall v. Furlong, 77 F.3d 361, 363 (10th Cir. 1996), See also Peterson v. Garmin Int'l Inc., 833 F. Supp. 2d. 1299, 2011 U.S. Dist. Lexis 67628 (D. Kan. 2011); Yero v. Gonzales, 236 Fed. Appx. 451, 2007 U.S. App. Lexis 13571 (10th Cir. 2007); Blakely v. USAA. Cas. Ins. Co., 2012 U.S. Dist. Lexis 175396, 2012 WL 6115625 (D. Utah Dec. 10, 2012); 3 Am Jur 2d §20 Sufficiency. P. 404.*

6.) Affiants/Plaintiffs are aware and know that "*The courts must accept an Affidavit as true if it is uncontradicted by a counter Affidavit or other evidentiary materials. IF AN AFFIDAVIT IS UNCONTRADICTED, THE REVIEWING COURT MUST ACCEPT ITS CONTENTS AS TRUE. Accordingly, where an opposing party does not deny or controvert facts stated in a movant's Affidavit, the facts may be deemed to be admitted for purposes of court's ruling on such matters.*"

*United States v. Avery, 295 F. 3d 1158, 2002. U.S. App. Lexis 13821 (10th Cir. Kan. 2002); United States V. Cooper, 543 F. 3d, 654 F. 3d 1104, 2011 U.S. App. Lexis 16825, 108 A.F.T.R. 2d (RIA) 5825 (10th Cir. Kan. 2011); United States v. Colonne, 360 F.3d 1169, 2004 U.S. App. Lexis 2028 (10th Cir. Utah 2004); Wilson v. Sirmons, 536 F. 3d 1064, 2008 U.S. App. Lexis 16862 (10th Cir. Okla. 2008); Poolaw v. Marcantel, 565 F.3d 721, 2009 U.S. App. Lexis 9483 (10th Cir. N.M. 2009); See 3 Am Jur 2d. § Sufficiency p. 404.*

7.) Affiants/Plaintiffs are aware and know that the Court's, interested third Party's and your silence is your acquiescence. *SEC v. Art Intellect, Inc., 2013 U.S. Dist. Lexis 32132, Fed. Sec. L. Rep. (CCH) P97, 314 (D. Utah Mar 6, 2013); SEC v. Smart, 2011 U.S. Dist. Lexis 61134, 2011 WL 2297639 (D. Utah June 6, 2011); See 3 Am Jur 2d.*

8.) Therefore, Affiants/Plaintiffs are aware and know that any answer to this Complaint must be point by point by counter affidavit of a **fact witness**. Otherwise, an affidavit would be a sham affidavit. Attorneys cannot testify by affidavit or otherwise unless they are a fact witness themselves. Attorneys can only present evidence, not testimony. Statements of counsel in brief or in oral argument are not facts before the court. *Bevan v. Boyce 5703875 4th Judicial Court Ut. (2005), quoting Trinsey v. Pagliaro, D. C. Pa. 1964, 229 F. Supp. 647; 1964 U.S. Dist. LEXIS 7073.*

9.) Affiants/Plaintiffs are aware and know that statements of counsel in brief or in argument (including affidavits signed by attorneys) are not facts before the court and cannot be relied upon by this court. Only testimony by a fact witness or an affidavit by a fact witness can be considered facts before this court. See *United States V. Lovasco (06/09/77) 431 U.S. 783, 97 S. Ct. 2044, 52 L. Ed. 2d 752, Gonzales V. Buist. (04/01/12) 224 U.S. 126, 56 L. Ed. 693, 32 S. Ct. 463, Holt V. United States. (10/31/10) 218 U.S. 245, 54 L. Ed. 1021, 31 S. Ct. 2, and TELEPHONE CASES. Dolbear V. American Bell Telephone Company. Molecular Telephone Company V. American*

*Bell Telephone Company. American Bell Telephone Company V. Molecular Telephone Company. Clay Commercial Telephone Company V. American Bell Telephone Company. People's Telephone Company V. American Bell Telephone Company. Overland Telephone Company V. American Bell Telephone Company. (03/19/88) 126 U.S. 1, 31 L. Ed. 863, 8 S. Ct. 778.*

## ANSWER TO STATEMENT OF REVIEW

10.) Affiants/Plaintiffs assert that the complaint does adequately address the Defendants James H. Woodall (Woodall) and LAW OFFICES OF JAMES H. WOODALL PLLC (WOODALL LAW OFFICES) according to *Tuttle v. Olds, 155P.3d 893 (Utah App. Court)*. This case is about a state court judge that went to a judgment on the case without considering the facts or documents outside the pleadings and without converting to the proper judgment. The case was about water rights and has little if anything to do with this case concerning foreclosure and the associated torts within this current case. In this case, a motion to dismiss by the defendants is inappropriate as Affiants/Plaintiffs have stated, in plain and simple terms a claim upon which relief can be granted within the complaint.

## ANSWER TO STATEMENT OF FACTS

11.) Affiants/Plaintiffs testify that Defendants Woodall and WOODALL LAW OFFICES assert that Woodall was appointed as substitute trustee by Wells Fargo Bank, N.A. on November 7, 2011. However, as pointed out in the complaint at # 59 and #60, the fact that Wells Fargo Bank, N.A. can't be the Holder-in-Due-Course as the security instrument(s) was never properly place into the Mortgage Backed Security Pool in a timely manner as required by law. And the fact that the Substitute Trustee appointment was a forgery due to the signing by one April King who is a known rob signer and who also signed as different corporate official offices in different companies at or near the same date. Therefore, Woodall nor WOODALL LAW OFFICES were never properly

appointed as a substitute trustee. This fact was pointed out to them in Exhibits M,N,O, and P before this case came to be filed in this court. Woodall and WOODALL LAW OFFICES ignored all of these documents, did not respond and therefore the documents now stand as truth. These facts show that Woodall and WOODALL LAW OFFICES continued to move forward towards a foreclosure sale. Their actions have damaged Affiants/Plaintiffs through emotional abuse by Woodall and WOODALL LAW OFFICES, as well as Monetary damages. Add to the fact that Woodall and WOODALL LAW OFFICES were informed of the damages and they still did not stop their abuses, but continued forward in their abuses. Therefore, Affiants/Plaintiffs have been damaged and have a claim of $1,500,000.00. (One Million, Five Hundred Thousand Us Dollars) and seek the assistance of this court to grant relief to Affiants/Plaintiffs.

12.) Affiants/Plaintiffs assert and testify that once Defendant Woodall and WOODALL LAW FIRM were informed of the facts that they knew or should have known of, these Defendants had an obligation to stop all actions until their standing can be clearly established, which Affiants/Plaintiffs believe cannot be done. Because of the evidence already presented by Affiants/Plaintiffs, it is asserted by Affiants/Plaintiffs that in the complaint and in Exhibits M,N, O, and P there have been numerous communications by these Defendants that are now fraudulent. This may contradict Paragraph 59 of the Complaint which says that "[Woodall] has been appointed as successor trustee." However, it is taken out of context when subsequent paragraphs expand upon the facts that the document was a forgery and therefore a nullity. And these Defendants were informed of this fraud when Exhibits M,N,O, and P were filed at the SALT LAKE COUNTY RECORDER'S OFFICE and immediately served upon Woodall and WOODALL LAW OFFICES in May of 2014. They were informed and knew or should have known that they did not have any authority to move forward in their foreclosure activities.

13.)     Affiants/Plaintiffs testify that the statements by Woodall and WOODALL LAW OFFICES in their memorandum are misleading to this court. Affiants/Plaintiffs state that the facts are the Substitution of Trustee document is a forgery and therefore null and void. See #58 through #64 of the Original Verified Complaint and Exhibits as outlined in the Original Verified Complaint.

## ANSWER TO ARGUMENT

14.)     Affiants/Plaintiffs testify that Section 51-1-22 of the Utah Code states that "The beneficiary may appoint a successor trustee at any time by filing for record in the office of the county recorder of each county in which the trust property or some party of the trust property is situated, a substitution of trustee." However, these defendants have not filed documents that are not forgeries in this matter. Forged documents do not make it so!! See #58 through #64 of the Original Verified Complaint.

15.)     Affiants/Plaintiffs testify that other sections of the Utah Code are not excluded in determining trust law. See *U.C.A. 1953 § 75-7-705.*

15.)     Affiants/Plaintiffs know and are aware that these defendants have an obligation to Affiants/Plaintiffs to check out the assertions of Affiants/Plaintiffs. *See U.C.A. 1953 § 75-7-705* *"By a 2001 amendment, subsection (a)(1) was amended to require that notice of a trustee's resignation be given to a living settlor(trustor). Previously, notice to a living settler(trustor) was required for a revocable but not irrevocable trust. Notice to the settler(trustor) of a revocable trust was required because the rights of the qualified beneficiaries, including the right to receive a trustee's resignation, are subject to the settlor'(trustor's) exclusive control. See also Section 603."* There are other laws that control as well.

16.)     Affiants/Plaintiffs know and are aware that Woodall and WOODALL LAW OFFICE have an obligation to the trustor/homeowner under *12 U.S.C.A. Title 38A § 3756(b) when the substitute commissioner (trustee) finds that continuation of the foreclosure sale will unfairly affect the*

*interests of the mortgagor. When the substitute commissioner (trustee) makes such a finding, the substitute commissioner (trustee) shall cancel the foreclosure sale, or adjourn such sale.* Since the Affiants/Plaintiffs pointed out, to Woodall and WOODALL LAW OFFICES, the errors in the processes of the making and administering the loan and reiterated them in the Original Verified Complaint, these defendants had an obligation to stop the process and verify before proceeding to a foreclosure.

17.) Additionally, Affiants/Plaintiffs have set the standard for replies to the Original verified Complaint. Those standards are to reply point by point to the Complaint, in affidavit form, and by a fact witness. This has not been done by Woodall and WOODALL LAW OFFICES. Therefore, Affiants/Plaintiffs, due to the responses in this affidavit, do deny that there is a right to dismiss Woodall and/or WOODALL LAW OFFICES from this complaint.

Affiants/Plaintiffs further sayeth naught.

Respectfully submitted on this ___ day of August, 2014.

_____
Lonn Burrows

    State of Utah           )
                                    Ss
    County of _____  )

    Subscribed and sworn to before me on this ___ day of _____, in the year 2014, by Lonn Burrows. Witness my hand and official seal.

_____
    Notary Public                      Seal:

_____
Jackie Burrows


State of _____        )
                          Ss
County of _____       )

    Subscribed and sworn to before me on this ___ day of _____, in the year 2014, by Jackie Burrows. Witness my hand and official seal.


_____
Notary Public

                                Seal:


## **AFFIDAVIT OF SERVICE**

    I certify under pains of perjury, that on ___ day of August, 2014, I mailed a copy of the foregoing "Plaintiff's ANSWER AND MEMORANDUM TO DEFENDANT WOODALL'S MOTION TO DISMISS WOODALL", to the following parties:

    1.)        THE LOANLEADERS OF AMERICA, INC.,
                c/o Brian O'Doyle CEO
                22 EXECUTIVE PARK, SUITE 250
                IRVINE, CALIFORNIA 92614
                Phone 888-834-1988

And/or its registered agent at:

                THE CORPORATION SERVICE COMPANY
                2180 SOUTH 1300 EAST, SUITE 650
                SALT LAKE CITY, UTAH 84106

    2.)        OPTION ONE MORTGAGE nka SAND CANYON CORPORATION
                C/O. Dale M. Sugimoto, President
                6591 IRVINE CENTER DRIVE, SUITE 100

$$\underline{\text{Jackie Burrows}}$$

Jackie Burrows

State of Texas )
                 Ss
County of Jefferson )

Subscribed and sworn to before me on this 21 day of August, in the year 2014, by Jackie Burrows. Witness my hand and official seal.

_____
Notary Public

Seal: 

SHEILA LOUISE LAFLEUR
My Commission Expires
August 20, 2018

## AFFIDAVIT OF SERVICE

I certify under pains of perjury, that on 22nd day of August, 2014, I hand delivered a copy of the foregoing "Plaintiff's ANSWER AND MEMORANDUM TO DEFENDANT WOODALL'S MOTION TO DISMISS WOODALL", to the following parties:

1.)  THE LOANLEADERS OF AMERICA, INC.,
     c/o Brian O'Doyle CEO
     22 EXECUTIVE PARK, SUITE 250
     IRVINE, CALIFORNIA 92614
     Phone 888-834-1988

And/or its registered agent at:

     THE CORPORATION SERVICE COMPANY
     2180 SOUTH 1300 EAST, SUITE 650
     SALT LAKE CITY, UTAH 84106

2.)  OPTION ONE MORTGAGE nka SAND CANYON CORPORATION
     C/O. Dale M. Sugimoto, President
     6591 IRVINE CENTER DRIVE, SUITE 100

IRVINE, CALIFORNIA 92618
Phone 949-453-1702

And/or its registered agent:

        CT CORPORATION SYSTEM
        1108 EAST UNION AVENUE
        MIDVALE, UTAH 84047
        Phone: 801-984-8160

3.)        FIRST AMERICAN TITLE INSURANCE COMPANY
        c/o Dennis J. Gilmore, President/CEO
        1 FIRST AMERICAN WAY
        SANTA ANA, CALIFORNIA 92707
        Phone: 800-409-5121

And/or its registered agent at:

        THE CORPORATION SERVICE COMPANY
        2180 SOUTH 1300 EAST, SUITE 650
        SALT LAKE CITY, UTAH 84106

4.)        THE LOANLEADERS OF AMERICA, INC.,
        Martin Fogelman, loan officer
        c/o Brian O'Doyle CEO
        22 EXECUTIVE PARK, SUITE 250
        IRVINE, CALIFORNIA 92614
        Phone 888-834-1988

And/or the registered agent:
        THE LOANLEADERS OF AMERICA, INC.,
        Martin Fogelman, loan officer
        c/o THE CORPORATION SERVICE COMPANY
        2180 SOUTH 1300 EAST, SUITE 650
        SALT LAKE CITY, UTAH 84106
        2180 SOUTH 1300 EAST, SUITE 650
        SALT LAKE CITY, UTAH 84106

5.)        WELLS FARGO BANK N.A.
        c/o John G. Stumpf—President/CEO
        464 CALIFORNIA STREET
        SAN FRANCISCO, CALIFORNIA 94104
        Phone: 800-869-3557

And/or its registered agent:
        WELLS FARGO BANK N.A.
        C/O CORPORATION SERVICE COMPANY

2180 SOUTH 1300 EAST STE. 650
SALT LAKE CITY, UTAH 84106
Phone: 302-636-5400

6.) OCWEN LOAN SERVICING, LLC fka HOMEWARD RESIDENTIAL,
INC. fka AMERICAN HOME MORTGAGE SERVICING, INC
c/o Ronald M. Faris—President/CEO
1661 WORTHINGTON ROAD, SUITE 100
WEST PALM BEACH, FLORIDA 33409
Phone: 800-746-2936

And/or its registered agent:
OCWEN LOAN SERVICING, LLC fka HOMEWARD RESIDENTIAL,
INC. fka AMERICAN HOME MORTGAGE SERVICING, INC
C/O CORPORATION SERVICE COMPANY
180 SOUTH 1300 EAST STE. 650
SALT LAKE CITY, UTAH 84106
Phone: 302-636-5400

7.) LAW OFFICES OF JAMES H. WOODALL PLLC
and James H. Woodall
10808 RIVER FRONT PARKWAY SUITE 175
SOUTH JORDAN, UTAH 84095
Phone : (801) 254-9450

Dated: August 22, 2014

State of Utah         )
                      Ss
County of Salt Lake   )

Subscribed and sworn to before me on this 22 day of August, in the year 2014, by Dixie L. Sampson. Witness my hand and official seal.

_____
Notary Public



Andrea Robertson
State of Utah Notary Public
Commission No. 669135
My Commission Expires 08/15/2017
1733 W. 12600 S. Riverton, Utah 84065