IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| LONN BURROWS, JACKIE BURROWS, <br><br> Plaintiff, <br> v. <br><br> LOANLEADERS OF AMERICA CORPORATION, et al., <br><br> Defendant. | REPORT AND RECOMMENDATION <br><br> Case No. 2:14-cv-544 DN BCW <br><br> District Judge David Nuffer <br><br> Magistrate Judge Brooke Wells |

This matter was referred to the undersigned pursuant to 28 U.S.C. 636(b)(1)(B) by Chief Judge David Nuffer on August 21, 2014.[1] Pending before the Court are two motions to dismiss filed by Defendants: first, a Motion to Dismiss filed by Defendant James Woodall on August 5, 2014;[2] and, second, a Motion to Dismiss filed by Defendants Ocwen Loan Servicing, LLC (Ocwen) and Wells Fargo Bank, NA, as Trustee for Soundview Home Loan Trust filed on August 13, 2014.[3] Plaintiffs, who were acting *pro se* upon the filing of their Complaint, filed an opposition to the first motion to dismiss.[4] Thereafter Plaintiffs obtained counsel who assisted them in opposing the second motion.[5] Having thoroughly considered the parties' memoranda and relevant case law, the Court recommends that the motions to dismiss be GRANTED.

---

[1] Docket no. 11.

[2] Docket no. 4.

[3] Docket no. 6.  Defendants note that Soundview was "erroneously sued as only "Wells Fargo Bank, N.A.'"

[4] Docket no. 12.

[5] Docket no. 14.

BACKGROUND

On July 25, 2014, Plaintiffs filed a Complaint[6] along with a Motion for Temporary Restraining Order[7] seeking to enjoin the foreclosure sale by Wells Fargo on its Deed of Trust. Because Plaintiffs were acting *pro se* at the time of filing their Complaint the Court construes their pleadings liberally and holds their submissions to a less stringent standard than that for formal pleadings drafted by lawyers.[8] "[I]f the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."[9] But, it is not the Court's responsibility to assume the role of advocate for Plaintiffs.[10] The broad reading of Plaintiffs' Complaint does not relieve them of the burden of "alleging sufficient facts on which a recognized legal claim could be based.[11] And finally, often a pro se litigant is given an opportunity to remedy the defects in their pleadings,[12] but such an opportunity is unnecessary "when it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile."[13]

As noted by the Trust Defendants, Plaintiffs Complaint appears to assert the following claims: (1) unspecified lending violations; (2) conversion by misusing the promissory note; (3)

---

[6] Docket no. 1.

[7] Docket no. 2.

[8] *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

[9] *Id.*

[10] *See id.*

[11] *Id.*

[12] *See e.g., Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990); *Jaxon v. Circle K Corp.*, 773 F.2d 1138, 1140 (10th Cir. 1985).

[13] *McKinney v. Oklahoma*, 925 F.2d 363, 365 (10th Cir. 1991).

improper securitization of Plaintiffs' Loan; (4) a lack of standing to foreclose on part of the Defendants; and (5) fraud.

## ANALYSIS[14]

In 2007, Plaintiffs entered into a loan with LoanLeaders, which was secured by a Deed of Trust against their residence. The Loan was secured by a Deed of Trust recorded on February 26, 2007, identifying Plaintiffs as the borrowers, First American Title of Utah as trustee, and The Loanleaders of America, Inc. as beneficiary. The Loan was assigned to the Wells Fargo Trust and is currently being serviced by Ocwen. Defendant Woodall was appointed as substitute trustee by Wells Fargo Bank on November 7, 2011. Plaintiffs have failed to make any payments on the Loan for several years and there is no contention in the record regarding the current payment status. Nor is there any valid contention in the record regarding Plaintiffs status as in default on the loan. In addition Plaintiff Jackie Burrows has filed 3 bankruptcies in the last 3 years which has curtailed the efforts by Defendants to foreclose on the property.

### I.     Request for Judicial Notice

Defendants Ocwen and Wells Fargo request the Court to take judicial notice of certain attached exhibits which according to Defendants are both referred to and central to Plaintiffs Complaint.[15] These include: (1) the Deed of Trust record number 10014197; (2) an assignment recorded on approximately December 21, 2007; (3) a second assignment recorded on November 10, 2011; (4) the Substitution of Trustee Form record number 11278594; (5) the Notice of

---

[14] The Court notes that it may take judicial notice of documents recorded in the office of a county recorder on a motion to dismiss. *See County of Santa Fe v. Pub. Serv. Co.*, 311 F.3d 1031, 1036 (10th Cir. 2002).

[15] *See Oakwood Village LLC v. Albertsons, Inc.*, 104 P.3d 1226 ¶13 (Utah 2004) (noting that if "a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss."). This may be done without converting a 12(b)(6) motion into a motion for summary judgment. *See County of Santa Fe v. Pub. Serv. Co.*, 311 F.3d 1031, 1036 (10th Cir. 2002).

Default recorded on approximately November 14, 2011; and (6) a copy of Defendant Jackie Burrows Chapter 13 Plan filed March 4, 2014.

Federal Rule of Evidence 201 provides that a court may take judicial notice on its own; or "must take judicial notice if a party requests it and the court is supplied with the necessary information."[16] Necessary information is supplied to the Court if documents presented to the Court for judicial notice "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."[17] Because Defendants submitted the above documents to the Court, served them upon Plaintiff, and because these documents are capable of accurate and ready determination by resort to official records, the Court takes judicial notice of all requested documents. The Court rejects Plaintiffs arguments to disregard and ignore these documents because they are allegedly flawed.[18]

## II.    Legal Standard

In ruling on a motion to dismiss, the Court must accept well-pleaded allegations as true and must construe them in the light most favorable to the non-moving party.[19] Having construed the pleadings in favor of Plaintiffs, the Court must determine whether the factual allegations present a plausible claim. The Court, however, need not accept as true mere "conclusory allegations."[20] Rather, "factual allegations must be enough to raise a right to relief above the speculative level."[21] This higher pleading standard is required in a pre-answer motion to dismiss, where a Court must find a complaint to offer more than an "unadorned, the-defendant-

---

[16] Fed. R. Evid. 201(c)(2).

[17] *Id.* at 201(b)(2).

[18] Op. p. 4, docket no. 14.

[19] *See Teigen v. Renfrow*, 511 F.3d 1072, 1078 (10th Cir. 2007).

[20] *See Coburn v. Nordeen*, 72 Fed. Appx. 744, 746 (10th Cir. 2003).

[21] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007).

unlawfully-harmed-me accusation" to survive dismissal.[22]  In short, "naked assertions devoid of further factual enhancement" no longer suffice to state a claim.[23]  The Supreme Court has further affirmed that a formulaic recitation of claim elements, because of its conclusory nature, is not entitled to presumption of truth.[24]  Thus, the Court may not assume the plaintiff can prove facts he or she has not alleged, or that the defendant has violated laws in ways not alleged.[25]  Nor is it the Court's duty to "supply additional factual allegations to round out a plaintiff's complaint" or "construct arguments or theories for the plaintiff in the absence of any discussion of those issues."[26]  In sum, a complaint must contain enough factual allegations "to state a claim to relief that is plausible on its face."[27]

### III.   Discussion

As stated previously, Plaintiffs Complaint appears to assert the following claims: (1) unspecified lending violations; (2) conversion by misusing the promissory note; (3) improper securitization of Plaintiffs' Loan; (4) a lack of standing to foreclose on part of the Defendants; and (5) fraud.  Defendants move to dismiss pursuant to Rule 12(b)(6) arguing that Plaintiffs Complaint should be dismissed.  The Court agrees with Defendants arguments and finds each of Plaintiffs alleged claims fail as a matter of law and have been rejected in numerous other cases.[28]

---

[22] *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

[23] *Id.* (internal quotation marks omitted).

[24] *Id*. at 1951.

[25] *See Assoc. Gen. Contractors v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

[26] *Whitney v. State of New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991).

[27] *Twombly*, 127 S. Ct. at 1974.

[28] *See e.g., Bateman v. Countrywide Home Loans*, 2012 WL 5593228, *4 (D. Haw. Nov. 14, 2012) ("borrowers generally lack standing to challenge the assignments of their loans"); *Metcalf v. Deutsche Bank Nat'l Trust Co*., 2012 WL 2399369, at *4 (N.D. Tex June 26, 2012); *Lindsay v. America's Wholesale Lender*, 2012 WL 83475, at *3 (C.D Cal. Jan 10, 2012; *Brascos v. Federal Home Loan Mort. Corp*., 2011 WL 3157063, at *6 (C.D Cal July 22, 2011); Wittenberg v. First Independent Mortgage Co.  2011 WL 1357483, at *21 (N.D. W. Va. 2011; *Wolf v. Fed. Nat'l Mortg. Assn.*, 830 F. Supp.2d 153, 161(W.D) Va.2011); *Bittinger v. Wells Fargo Bank NA*, 744 F. Supp. 2d

Alleged causes of action that have been rejected by this Court and other courts include claims for lack of standing to foreclose; fraud in the concealment; fraud in the inducement; intentional infliction of emotional distress; quite title; slander of title; declaratory relief; and violations of Utah Code 13-5-1 (unfair practices act).[29] In addition, Plaintiffs arguments concerning the Mortgage Electronic Registration System (MERS) have been repeatedly rejected by this Court.[30] In short, a judicial consensus has been reached rejecting Plaintiffs arguments and alleged claims on numerous occasions.[31]

In addition, the Court does not find any violations of Utah's Uniform Commercial Code as alleged by Plaintiffs and their counsel. Further, Plaintiffs fail to even address the avalanche of case law asserted by Defendants that undermine their Complaint. Such conduct—asserting

---

619, 625-26 (S.D. Tex. 2010); In re Correia, 452 B.R. 319, 324 (1st Cir. B.A.P. 2011) (affirming bankruptcy court's determination that the "debtors lacked standing to challenge the mortgage's chain of title under the PSA."); *Washington v. Saxon Mortg. Services* (In re Washington), 469 B.R. 587, 590 (Bankr. W.D. Pa. 2012).

[29] *See e.g., Burnett v. Mtg. Elec. Regis. Sys., Inc.*, 2009 WL 3582294 (D.Utah 2009) (rejecting many of the same arguments and claims asserted by the plaintiffs in this case).

[30] See e.g., *Rodeback v. Utah Financial*, 2010 WL 2757243 (D.Utah, July 13, 2010) (The trust deed specifies that "MERS ... has the right: to exercise any or all of [the interests granted by the Borrower through the trust deed], including, but not limited to, the right to foreclose and sell the Property; and to take any action required of the Lender, including, but not limited to, releasing and canceling this Security Instrument."); *Southam v. Lehman Bros. Bank FSB et al.*, 2010 WL 3258320 (D.Utah. August 17, 2010) ("Plaintiff's underlying claim [for his causes of action is] that Defendants do not have the authority to assert any present default on the Note, or power of sale under the deed of trust because they have securitized the deed of trust. This argument must be rejected."); *Rhodes v. Wells Fargo Home Mortgage, et al*., 2010 WL 3222414 (D.Utah, August 17, 2010); *King v. American Mortgage Network et al*., 2010 WL 3222419 (D.Utah, August 16, 2010) (Where MERS assigned its beneficial interest under the trust deed, the assignor had the authority to foreclose); *McGinnis v. GMAC Mort. Corp*. 2010 WL 3418204 (D. Utah, August 27, 2010) ("courts have consistently held that this language in a Deed of Trust gives MERS the authority to foreclose in behalf of the lender and that MERS need not possess the note in order to appoint a trustee in behalf of the lender who does hold the note"); *King v. American Mortg. Network, Inc*., 2010 WL 3516475 (D.Utah, September 02, 2010) ("Chase and MERs are clearly authorized to act on behalf of the holder of the Note, Fannie Mae, to begin foreclosure of the Property") *Thayne v. Taylor, Bean & Whitaker Mortg. Corp*., 2010 WL 3546929, *3 (D.Utah, September 10, 2010) ("MERS had the authority to foreclose the Deed of Trust."); *Commonwealth Property Advocates, LLC v. Mortgage Electronic Registration Systems, Inc.*, 2010 WL 3743643, (D.Utah, September 20, 2010) (same); *Foster v. BAC Home Loan Servicing*, LP, 2010 WL 3791976, (D.Utah, September 22, 2010) (same); *Marty v. Mortgage Electronic Registration Systems*, 2010 WL 4117196 (D.Utah, October 19, 2010).

[31] *See e.g., In re Walker*, 466 B.R. 271, 284-85 (E.D.Pa. 2012) ("In the past two (2) years, numerous courts have held that a borrower lacks *285 standing to challenge a securitized trust's authority to enforce a loan note and mortgage based on purported violations of the underlying PSA.") (citing cases); *In re Sandford*, 2012 WL 6012785 *1 (D.N.M. 2012) (agreeing with the "judicial consensus" concerning debtor standing to assert violations of the PSA).

arguments that have been repeatedly rejected while ignoring the vast body of case law regarding foreclosures—is in violation of Rule 11 and potentially grounds for sanctions. Such claims, defenses and factual contentions are not warranted by existing law and are essentially frivolous.[32] Accordingly, the Court recommends that the motions to dismiss be granted.

## CONCLUSION

For the forgoing reasons the Court RECOMMENDS that Defendants Motions to Dismiss be GRANTED and this case be DISMISSED.[33]

Copies of this report and recommendation are being mailed to all parties who are hereby notified of their right to object. Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of Court. Any objection must be filed within this deadline. Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 7 October 2014.

Brooke C. Wells
United States Magistrate Judge

---

[32] *See* Fed. R. Civ. P. 11.

[33] There is no need to allow an opportunity to amend in this case because such an amendment would be futile. *See McKinney v. Oklahoma*, 925 F.2d at 365.