IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| LONN BURROWS AND JACKIE BURROWS,<br><br>      Plaintiffs,<br>v.<br><br>LOANLEADERS OF AMERICA CORPORATION, et al.,<br><br>      Defendants. | **MEMORANDUM DECISION AND ORDER ADOPTING REPORT & RECOMMENDATION AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>Case No. 2:14-cv-544 DN<br><br>District Judge David Nuffer |

  Before the court is Magistrate Judge Wells's Report and Recommendation ("R&R")[1] under 28 U.S.C. § 636(b)(1)(B) recommending that Defendants' motions to dismiss[2] be granted and that the claims against them be dismissed.  Plaintiffs filed a timely objection,[3] and Defendants filed a reply.[4]  The court has conducted a de novo review of the Report and Recommendation and adopts it in its entirety.[5]

  In their complaint, Plaintiffs raised several claims challenging the non-judicial foreclosure of their real property by Defendants.  In their objection to the Report and Recommendation, Plaintiffs continue to argue that assignments of the note and deed of trust

---

[1] Docket no. 17, filed October 7, 2014.

[2] Motion to Dismiss filed by Defendant James H. Woodall, docket no. 4, filed August 5, 2014; Motion to Dismiss with Prejudice filed by Defendants Ocwen Loan Servicing, LLC, and Wells Fargo Bank, N.A., as Trustee for Soundview Home Loan Trust 2007-OPT1, Asset-Backed Certificates, Series 2007-OP1, docket no. 6, filed August 13, 2014.

[3] Plaintiffs' Exceptions to Report and Recommendation of Magistrate Judge Wells (hereinafter "Objections"), docket no. 19, filed October 17, 2014.

[4] Docket no. 20, filed October 28, 2014.

[5] See 28 U.S.C. § 636(b)(1)(C).

underlying the foreclosure were invalid, which in turn stripped Defendants of authority to foreclose on the loan.  As the magistrate judge noted, however, numerous courts have held that borrowers "generally lack standing to challenge the assignments of their loans."[6]  Despite the abundance of authority cited by the magistrate judge in support of this position, Plaintiffs cite one case, *Glaski v. Bank of America, N.A*,[7] for the proposition that when "glaring deficiencies" in assignments are brought to the attention of the court, "courts have examined the foreclosure more closely, and found in favor of the property owners."[8]  However, as defendants point out, *Glaski* has been rejected by other California appellate courts and by the U.S. District Court for the Northern District of California.[9]  The reasoning of *Glaski* is therefore unpersuasive.

Plaintiffs also seem to reassert their claim that the foreclosure somehow violates the Utah Uniform Commercial Code (UCC).  As Defendants point out, however, many courts have rejected this argument.  Non-judicial foreclosures are governed by a comprehensive statutory scheme.[10]  They are not regulated by the UCC which does not apply to real property.[11]

### TEMPORARY RESTRAINING ORDER

Plaintiffs have filed a motion for a temporary restraining order apparently seeking to enjoin the foreclosure sale.[12]  Temporary restraining orders are governed by the same standard as preliminary injunctions.[13]  A plaintiff seeking a preliminary injunction must establish four

---

[6] *Bateman v. Country wide Home Loans*, 2012 WL 5593228, at *4 (D. Haw. Nov. 14, 2012).  See R&R and authority cited therein.

[7] 160 Cal. Rptr. 3d 449 (Cal. App. 5th 2013).

[8] Objections at 2.

[9] Reply at 3-7 and authority cited therein.

[10] Utah Code Ann. § 57-1-19 *et seq.*

[11] *Bd. of Equalization of Salt Lake County v. First Sec. Leasing Co.*, 881 P.2d 877, 879 n.1 (Utah 1994).

[12] Docket no. 2, filed July 25, 2014.

[13] *Kansas Hosp. Ass'n v. Whiteman*, 835 F. Supp. 1548, 1551 (D. Kan. 1993).

factors:  (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm if the injunction is denied; (3) his threatened injury outweighs the injury to the opposing party if the injunction is granted; and (4) an injunction is in the public interest.[14]  Because plaintiffs cannot succeed on the merits of their claims, the motion for temporary restraining order is denied.

## AMENDMENT OF COMPLAINT

Although Plaintiffs have not filed a motion to amend their complaint, they seem to suggest in their objections that they should be given an opportunity to amend.[15]  However, as the magistrate judge concluded, there is no need to allow an opportunity to amend in this case, because amendment would be futile.[16]

## ORDER

After de novo review, the Magistrate Judge's Report and Recommendation is adopted in its entirety.  Defendants' motions to dismiss[17] is **GRANTED**.  Plaintiffs' claims against Defendants James H. Woodall; Ocwen Loan Servicing, LLC; and Wells Fargo Bank, N.A., as Trustee for Soundview Home Loan Trust 2007-OPT1, Asset-Backed Certificates, Series

---

[14] *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Beltronics USA, Inc. v. Midwest Inventory Distrib., LLC*, 562 F.3d 1067, 1070 (10th Cir. 2009).

[15] Objections at 3-4.

[16] *McKinney v. Oklahoma, Dep't of Human Servs.*, 925 F.2d 363, 365 (10th Cir. 1991).

[17] Docket no. 4, filed August 5, 2014; docket no. 6, filed August 13, 2014.

2007-OPT1, are **DISMISSED** with prejudice. Plaintiffs' Motion for a Temporary Restraining Order[18] is **DENIED**.

Signed November 10, 2014.

BY THE COURT

_____
District Judge David Nuffer

---

[18] Docket no. 2, filed July 25, 2014.