IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| LONN BURROWS AND JACKIE BURROWS,<br><br>            Plaintiffs,<br>v.<br><br>LOANLEADERS OF AMERICA CORPORATION, et al.,<br><br>            Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTION FOR CERTIFICATE OF APPEALABILITY<br><br>Case No. 2:14-cv-544 DN<br><br>District Judge David Nuffer |

Plaintiffs Lonn and Jackie Burrows have filed a motion for a certificate of appealability[1] from the court's order[2] granting the motions to dismiss filed by Defendants James H. Woodall; Ocwen Loan Servicing, LLC; and Wells Fargo Bank, N.A. as Trustee for Soundview Home Loan Trust 2007-OPT1, Asset-Backed Certificates, Series 2007-OPT1 and denying Burrows's motion for a temporary restraining order.

The Burrows apparently base their appeal on the collateral order doctrine.[3]  Under 28 U.S.C. § 1291 (which Burrows cite in their motion), parties may appeal only from "final decisions of the district courts of the United States."  For purposes of section 1291, "a final judgment is generally regarded as a decision by the district court that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."[4]  Section 1291 thus permits an appeal only if the order "falls within the 'narrow exception to the normal application

---

[1] Motion for Certificate of Appealability ("Motion"), docket no. 26, filed December 9, 2014.

[2] Docket no. 21, filed November 10, 2014.

[3] *See Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949).

[4] *Lauro Lines S.R.L. v. Chasser*, 490 U.S. 495, 497 (1989) (citations and internal quotation marks omitted).

of the final judgment rule'" known as the collateral order doctrine.[5]  To fall within the collateral order exception, an order must meet three requirements:  (1) "It must conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) be effectively unreviewable on an appeal from a final judgment."[6]

The order the Burrows wish to appeal does not satisfy the second and third requirements. First, the order does not deal with an issue separate from the merits, but is instead a decision on the merits of some of their claims with respect to two, but not all, of the defendants. Second, the order is not effectively unreviewable because it may be appealed when the related claims against the remaining parties are concluded.

The Burrows nevertheless argue that the matter is effectively unreviewable if they are not allowed an immediate appeal because they are "under the real threat of losing their home to Wells Fargo Bank and Ocwen Financial at any moment."[7]  However, the "general rule" provides that an order is "effectively unreviewable" only "where the order at issue involves an asserted right the legal and practical value of which would be destroyed if it were not vindicated before trial."[8] In this case, if the appellate court were to determine that this court erred in granting Defendants' motions to dismiss, the Burrows could still recover damages. Defendants assert, moreover, that there is no outstanding foreclosure notice of sale, and because Jackie Burrows has filed a bankruptcy petition, the foreclosure issue will be resolved in the bankruptcy court.

Finally, Defendants assert that the proper procedure for the Burrows to obtain a certificate of appealability would be a motion under Rule 54(b), rather than under the collateral

---

[5] *Id.* at 498 (quoting *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 794 (1989)).

[6] *Lauro Lines*, 490 U.S. at 498 (citations and internal quotation marks omitted).

[7] Motion at 2.

[8] *Lauro Lines*, 490 U.S. at 498-99 (citations and internal quotations marks omitted).

order doctrine. However, even if the Burrows had filed a Rule 54(b) motion (which they did not), they would not be eligible for a certificate of appealability under that rule.

Rule 54(b) provides that when a case presents more than one claim for relief or involves multiple parties, the court may enter a final judgment as to one or more, but fewer than all claims or parties, only if the court expressly determines that there is no just reason for delay. In this case the claims against the remaining parties are intertwined with claims determined in the order that the Burrows seek to appeal. Allowing an appeal at this juncture could result in multiple appeals by multiple parties which would be a waste of judicial resources.

## ORDER

For the foregoing reasons, the Burrows motion for a certificate of appealability[9] is **DENIED**.

Signed December 30, 2014.

BY THE COURT

_____
District Judge David Nuffer

---

[9] Docket no. 26, filed December 9, 2014.