Clint R. Hansen, #12108
Matthew L. Anderson, #7459
FABIAN & CLENDENIN,
  A Professional Corporation
215 South State Street, Suite 1200
Salt Lake City, Utah 84111-2323
Telephone: (801) 531-8900
Fax:  (801) 532-3370
chansen@fabianlaw.com
manderson@fabianlaw.com
*Attorneys for Sand Canyon Corporation fka Option One Mortgage*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| LONN BURROWS, an individual, JACKIE BURROWS, an individual,<br><br>    Plaintiffs,<br><br>vs.<br><br>LOANLEADERS OF AMERICA CORPORATION, a California corporation; OPTION ONE MORTGAGE nka SAND CANYON, a California corporation; FIRST AMERICAN TITLE OF UTAH, a Utah corporation; WELLS FARGO BANK, N.A., a Delaware corporation; MARTIN FOGELMAN, loan officer, a California resident; OCWEN FINANCIAL fka HOMWARD RESIDENTIAL fka AMERICAN HOME MORTGAGE SERVICING, a Delaware corporation; LAW OFFICES OF JAMES H. WOODALL PLLC, a Utah LLC; JAMES H. WOODALL, a Utah resident; and JOHN DOES 1-99,<br><br>    Defendant. | **MOTION AND MEMORANDUM IN SUPPORT OF SAND CANYON'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Civil No. 2:14-cv-00544<br><br>Judge David Nuffer<br><br>Magistrate Judge Brooke C. Wells |

Defendant Sand Canyon Corporation fka Option One Mortgage Corporation ("Sand Canyon") hereby moves the Court, pursuant to Federal Rule of Civil Procedure 12(c) to enter judgment in its favor based on the pleadings filed in the case.

## INTRODUCTION

In 2007, Plaintiffs entered into a loan ("Loan") with Defendant LoanLeaders of America, which was secured by a Deed of Trust against their home (the "Deed of Trust"), located at 12939 South Sunday Drive, Riverton UT 84096, parcel number 27-31-209-043, (the "Home"). The Deed of Trust was recorded on February 26, 2007 and identified Plaintiffs as the borrowers, First American Title of Utah as trustee, and The Loanleaders of America, Inc. as beneficiary. The Loan was assigned to Sand Canyon and later to the Wells Fargo Trust ("Wells Fargo"). Ocwen Financial ("Ocwen") is currently servicing the Loan on behalf of the Wells Fargo.

Plaintiffs have failed to make any payments on the Loan for several years. To avoid these obligations, Plaintiff Jackie Burrows has filed 4 bankruptcies since 2012. Her most recent filing was dismissed by the Hon. William T. Thurman, who found that "[t]he serial filings of the Debtor is part of a scheme to delay, hinder or defraud creditors …" Judge Thurman barred Ms. Burrows from filing any bankruptcy petition on her Home for a period of two years. Also of significance, Judge Thurman further barred Ms. Burrows from filing any bankruptcy petition on *another* home in which she owns an interest, which is located in St. George; so apparently the Riverton Home that is the subject of the present action is a second home for Plaintiffs.

The present lawsuit is part of Plaintiffs' ongoing scheme to avoid the obligations under the Loan and Deed of Trust. The suit was filed in an attempt to prevent Ocwen from foreclosing the Deed of Trust on behalf of Wells Fargo. Plaintiffs sought a temporary restraining order to

stop the foreclosure, and also alleged a number of confusing and baseless claims that have been rejected by numerous courts. In a memorandum opinion, this Court denied the requested TRO and also granted motions to dismiss with prejudice Wells Fargo and Ocwen. This motion joins in the arguments successfully raised by Wells Fargo and Ocwen and presents additional grounds justifying the entry of judgment in Sand Canyon's favor.

With the TRO having been denied, the key defendants dismissed, and Ms. Burrows' bankruptcy also dismissed with a ban on further bankruptcy filings, the time is ripe to dismiss the remaining defendants and to close this case.

Based on the pleadings filed by the Plaintiffs, and assuming all allegations therein to be true, and based on the arguments previously accepted by this Court in dismissing Wells Fargo and Ocwen, Plaintiffs cannot make a claim against Sand Canyon, who was only an interim assignee of the Loan and has since assigned away and disclaimed any interest in the Loan, the Deed of Trust, or the Home and denies that it is a creditor of the Plaintiffs.

## RELEVANT FACTS

Because this is a motion for judgment on the pleadings, under Rule 12(c), the facts presented here are derived from Plaintiffs' Verified Complaint and Affidavit (the "Complaint") and matters subject to judicial notice pursuant to Rule 201 of the Federal Rules of Evidence.[1] By reciting these assumed facts, Sand Canyon does not waive any denials stated in its Answer and reserves the right to challenge these assumed facts at any point in this case.

1.      Plaintiffs signed a promissory note on or about February 8, 2007 (the "Note"), for the purchase of the Home for the amount of $427,500.00. A true and correct copy of the Note is

---

[1] A Court may take judicial notice of documents recorded in the office of a county recorder on a motion to dismiss. *Burnett v. Mortgage Electronic Registration Syst., Inc.*, No. 1:09-cv-00069- DAK (D. Utah Oct. 27, 2009).

attached as **Exhibit A** to the Request for Judicial Notice ("RJN") filed by Defendants Wells Fargo and Ocwen [Doc 7], which was granted by the Magistrate Judge [Doc 17].

2. The Note was secured with a Deed of Trust on the Home on or about February 8, 2007, with Loanlenders of America, Inc. listed as the "Lender" and First American Title listed as the "Trustee." A true and correct copy of the Deed of Trust is attached to the RJN as **Exhibit B** [Doc 7-2].

3. An assignment of the Deed of Trust to Sand Canyon was recorded on or about December 21, 2007. A true and correct copy of the assignment to Sand Canyon is attached to the RJN as **Exhibit C** [Doc 7-3].

4. A second assignment of the Deed of Trust to Wells Fargo Bank, N.A. as Trustee for Soundview Home Loan Trust 2007-OPTI, Asset-Backed Certificates, Series 2007-OPTI was recorded on or about November 10, 2011. A true and correct copy of the second assignment is attached to the RJN as **Exhibit D** [Doc 7-4].

5. Following the second assignment, a Substitution of Trustee was filed on November 14, 2011, naming James H. Woodall as Successor Trustee. A true and correct copy of the Substitution of Trustee is attached to the RJN as **Exhibit E** [Doc 7-5].

6. The most relevant Notice of Default, for purposes of this Motion, was recorded by James H. Woodall on or about October 14, 2013. A true and correct copy of the Notice of Default is attached to the RJN as **Exhibit F** [Doc 7-6].

7. Between April of 2012 and March of 2014, Plaintiff Jackie Burrows filed three bankruptcy petitions in an attempt to avoid her obligations due under the Note and Trust Deed. Each of those bankruptcies was dismissed. *See* chart, referenced in Fact No. 15, below.

8. Following dismissal of the third bankruptcy filing (Case No. 14-21398), on May 16, 2014, Plaintiffs filed this action on July 25, 2014. *See* Docket herein.

9. In their Complaint, Plaintiffs assert a variety of confusing claims filled with vague or incomplete references to various laws. Plaintiffs appear to attempt to assert the following claims: (1) unspecified lending violations in the loan origination and closing process; (2) conversion by Defendant Loanlenders in the origination of the loan; (3) improper securitization of Plaintiffs' loan; (4) a lack of standing to foreclose on the part of the Defendants; and (5) fraud during an attempted remodification with Defendant Ocwen. *See* Complaint [Doc 1].

10. Defendants Wells Fargo and Ocwen filed a joint motion to dismiss the entire Complaint, in which they argued: (1) that Plaintiffs' claims for lending violations should be dismissed because Plaintiffs misinterpret or misapply the relevant statutes and regulations, (2) Plaintiffs' conversion claim is nonsensical and must be dismissed because there is no dispute that Plaintiffs obtained the loan and that funds were applied towards the purchase of the Home that they have lived in for years; (3) that Plaintiffs lack standing to challenge the assignments and securitization of the Deed of Trust because they were not a party or third-party beneficiary to the assignment agreements or pooling service agreement; (4) Plaintiffs argument that Defendants lack standing to foreclose should be rejected because there is no requirement that the beneficiary produce the actual note in a non-judicial foreclosure; and (5) Plaintiffs cannot establish the elements of fraud. This motion is based on similar grounds.

11. In a Report and Recommendation [Doc 17], Magistrate Judge Wells granted the motion to dismiss with prejudice both Wells Fargo and Ocwen. She agreed with Wells Fargo's

and Ocwen's arguments and found that "each of Plaintiffs' alleged claims fail as a matter of law and have been rejected in numerous other cases." [Doc 17 at 5]. She further noted:

> Plaintiffs fail to even address the avalanche of case law asserted by Defendants that undermine their Complaint. Such conduct—asserting arguments that have been repeatedly rejected while ignoring the vase body of case law regarding foreclosures—is in violation of Rule 11 and potentially grounds for sanctions. Such claims, defenses and factual contentions are not warranted by existing law and are essentially frivolous."

[Doc 7 at 6-7].

12. In a Memorandum Decision and Order dated November 10, 2014 [Doc 21], Judge Nuffer adopted the Report and Recommendation in its entirety. He also rejected Plaintiffs' request to amend their Complaint, finding that "there is no need to allow an opportunity to amend in this case, because amendment would be futile." [Doc 21 at 3].

13. In the same Memorandum Decision and Order Judge Nuffer also denied Plaintiffs' request for a temporary restraining order "[b]ecause plaintiffs cannot succeed on the merits of their claims…" [Doc 21 at 3].

14. The day after Judge Nuffer's Memorandum Decision and Order was entered, Plaintiff Jackie Burrows filed yet another bankruptcy petition, Case No. 14-31971, filed November 11, 2014. *See* Notice of Bankruptcy Filing [Doc 29]. A true and correct copy of the docket in that bankruptcy case is attached hereto as **Exhibit 1**.

15. The filing was Ms. Burrows' fourth bankruptcy filing since 2012:

| Case number | Date of petition | Payments to Trustee | Date dismissed | Mortgage arrears |
|---|---|---|---|---|
| 12-25516 | 4/30/2012 | 1 $600 payment | 7/30/2012 | $4,520 on Whisperpoint $82,231 on Sunday Dr. |
| 12-30595 | 8/18/2012 | 3 $600 payments | 1/31/2013 | $18,502 on Whisperpoint No claim on Sunday Dr. |
| 14-21398 | 2/18/2014 | 1 $600 payment | 5/16/2014 | No mortgage claims filed; objection to confirmations indicate $73,073 on Whisperpoint and $148,400 on Sunday Dr. |
| 14-31971 | 11/11/2014 | None |  | No mortgage claims filed; objection to confirmation indicates $175,781 on Sunday Dr. |

**Exhibit 2** hereto (Trustee's Motion to Dismiss in Case No. 14-31971).

16. This fourth bankruptcy filing was dismissed by Judge Thurman on May 29, 2015. In the Order Granting Trustee's Motion to Dismiss, a true and correct copy of which is attached hereto as **Exhibit 3**, Judge Thurman held:

> The serial filings of the Debtor is part of a scheme to delay, hinder or defraud creditors under 11 U.S.C. § 362(d)(4). As such, no bankruptcy petition may be filed on the following real property for a period of two years from entry of this order: (1) 4734 Whisperpoint Dr. Saint George, UT 84970 (parcel number SG-SUR-23-1574) and (2) 12939 South Sunday Drive, Riverton, UT 84096 (parcel number 27-31-200-043).

17. The St. George property referenced in Judge Thurman's order is apparently Plaintiffs' primary residence as Ms. Burrows' voluntary petition indicates a street address of "4734 Whisperpoint Dr., Saint [sic] George UT." Ex. 2 at ¶ 2.

18. Thus, it appears that the Riverton Home at issue in the present case is a second home, although Ms. Burrows failed to file bankruptcy Schedules A, C, and D or to provide other information that would allow the Trustee to fully investigate the matter. *See* Ex. 2 at ¶¶ 4-7, 15-17.

7

19.     Sand Canyon has filed an answer in this case, in which it disclaimed any interest in the Home or in the Deed of Trust or the Note, denied that it is a creditor of the Plaintiffs, and confirmed that it is not seeking to foreclose on the Home.  *See* Defendant Sand Canyon Corporation's (fka Sand Canyon Mortgage) Answer [Doc 9].

### ARGUMENT

Pursuant to Rule 12(c), a party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial…"  The pleadings are closed and no trial date has been set in this case.

A motion for judgment on the pleadings is treated as a motion to dismiss under Rule 12(b)(6).  *Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000). Mock v. T.G. & Y. Stores Co., 971 F.2d 522, 528 (10th Cir.1992).  Dismissal is proper "when it appears that the plaintiff can prove no set of facts in support of the claims that would entitle the plaintiff to relief." *Id.*  The Court must "accept the well-pleaded allegations of the complaint as true and construe them in the light most favorable to the non-moving party." *Id.*

**I.   Judgment Should be Entered in Sand Canyon's Favor on All Claims Asserted in the Complaint for the Same Reasons Stated in Wells Fargo's and Ocwen's Successful Motions to Dismiss.**

The same standard applies to motions for judgment on the pleadings under Rule 12(c) as applies to motions to dismiss under Rule 12(b)(6).  Thus, for the same reasons stated in Wells Fargo's and Ocwen's motion to dismiss and related papers, this Court should grant judgment on the pleadings in favor of Sand Canyon.  Sand Canyon hereby adopts and incorporates the arguments made in Wells Fargo's and Ocwen's successful Motion to Dismiss and Memorandum

in Support [Doc 6], their Reply brief [Doc 16], and their Reply filed in response to Plaintiffs' Exceptions to the Report and Recommendations from the Magistrate Judge [Doc 20]. Sand Canyon prays that the Court make the same findings and conclusions as stated in the Report and Recommendation [Doc 17] and Memorandum Decision and Order [Doc 21] in Sand Canyon's favor and order the dismissal of the Complaint against Sand Canyon with prejudice.

Specifically, the Court should rule, as it has previously, that: (1) that Plaintiffs' claims for lending violations fail because Plaintiffs misinterpret or misapply the relevant statutes and regulations, (2) Plaintiffs' conversion claim is nonsensical and must be dismissed because there is no dispute that Plaintiffs obtained the loan and that funds were applied towards the purchase of the Home that they have lived in for years; (3) that Plaintiffs lack standing to challenge the assignments and securitization of the Deed of Trust because they were not a party or third-party beneficiary to the assignment agreements or pooling service agreement; (4) Plaintiffs argument that Defendants lack standing to foreclose should be rejected because there is no requirement that the beneficiary produce the actual note in a non-judicial foreclosure; and (5) Plaintiffs cannot establish the elements of fraud.

## II.     Additional Grounds Exist to Justify Entry of Judgment in Sand Canyon's Favor.

Sand Canyon is differently positioned than either Wells Fargo or Ocwen in that Sand Canyon is not the current holder of the Note and claims no current interest in the Deed of Trust. Sand Canyon is not seeking to foreclose and does not claim to be a creditor of Plaintiffs. In addition, Sand Canyon was not a party to the attempted loan modification that is asserted as the basis for Plaintiffs' fraud claim, and Sand Canyon is not alleged to have played any part in the origination or closing of the Loan. Thus, it appears that only <u>one</u> of Plaintiffs' five causes of

action (improper securitization) is even asserted against Sand Canyon.  That improper securitization claim has been soundly rejected by this Court already.

## CONCLUSION

Based on the foregoing, Defendant Option One Mortage kna Sand Canyon requests that the Court dismiss all claims brought against it in this action and that judgment be entered in its favor.

DATED August 5, 2015.

/s/ Clint R. Hansen
Clint R. Hansen
Matthew L. Anderson
FABIAN & CLENDENIN,
 A Professional Corporation
Attorneys for Sand Canyon Corporation
fka Option One Mortgage

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of August, 2015 a true and correct copy of the foregoing MOTION AND MEMORANDUM IN SUPPORT OF SAND CANYON'S MOTION FOR JUDGMENT ON THE PLEADINGS was served via the means indicated on each of the following:

**Via the Court's Electronic Filing System:**

Dwight J.L. Epperson
420 E. South Temple #470
Salt Lake City, UT 84111
dwightepperson@msn.com

Bradley L. Tilt
ACTION LAW LLC
2825 E. Cottonwood Pkwy, Suite 500
Salt Lake City, UT 84121
brad@actionlawutah.com

R. Samuel Ehlers
WRIGHT FINALY & ZAK LLP
5532 S. Fort Apache Rd., Suite 110
Las Vegas, NV 89148
sehlers@wrightlegal.net

K. Bradley Carr
LAW OFFICES OF JAMES H. WOODALL
10808 River Front Pkwy, Suite 175
South Jordan, UT 84095
bc@utahtrustee.com

**Via U.S. Mail:**

Lonn Burrows
Jackie Burrows
12939 South 4400 West
Riverton, UT  84096

/s/ Clint R. Hansen

ND: 4850-0969-3728, v. 1

11