# EXHIBIT 2

Kevin R. Anderson (4786)
Tami Gadd-Willardson (12517)
Ryan C. Cadwallader (13661)
Sarah L. Olson (14006)
OFFICE CHAPTER 13 TRUSTEE
405 So. Main Street, Suite 600
Salt Lake City, Utah 84111
Telephone: (801) 596-2884
Facsimile: (801) 596-2898
Email: kratrusteemail@ch13kra.com

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH
SOUTHERN DIVISION**

| In re: | Case No. 14-31971 |
|---|---|
| JACKIE LYNN BURROWS | Chapter 13 |
| Debtor. | Hon. William T. Thurman |

**TRUSTEE'S MOTION TO DISMISS WITH PREJUDICE UNDER 11 U.S.C. § 109(g) WITH 180 DAY BAR TO RE-FILING ANY CASE AND DISMISSAL WITH FINDING THAT DEBTOR HAS PARTICIPATED IN A SCHEME TO DELAY, HINDER OR DEFRAUD CREDITORS UNDER 11 U.S.C. § 362(d)(4)**

Kevin R. Anderson, Chapter 13 Trustee, by and through counsel, hereby moves the Court for an order dismissing this case with prejudice based on the Debtor's repeated filings and inability to reorganize her debts in three prior bankruptcies, failure to disclose all assets and transactions in her bankruptcy pleadings and failure to cooperate with the Trustee's investigation into her financial matters. In support thereof, the Trustee represents as follows:

1. The Debtor filed for chapter 13 relief on November 11, 2014.

2. The voluntary petition indicates street address of 4734 Whisperpoint Dr., Saint George UT.

3. This is the Debtor's fourth case since 2012:

| Case number | Date of petition | Payments to Trustee | Date dismissed | Mortgage arrears |
|---|---|---|---|---|
| 12-25516 | 4/30/2012 | 1 $600 payment | 7/30/2012 | $4,520 on Whisperpoint $82,231 on Sunday Dr. |
| 12-30595 | 8/18/2012 | 3 $600 payments | 1/31/2013 | $18,502 on Whisperpoint No claim on Sunday Dr. |
| 14-21398 | 2/18/2014 | 1 $600 payment | 5/16/2014 | No mortgage claims filed; objection to confirmations indicate $73,073 on Whisperpoint and $148,400 on Sunday Dr. |
| 14-31971 | 11/11/2014 | None | | No mortgage claims filed; objection to confirmation indicates $175,781 on Sunday Dr. |

4. The Debtor has yet to file bankruptcy Schedules A, C and D in the current case.

5. Based on her previous filings, the Trustee is aware the Debtor has interest in two real properties – 4734 Whisperpoint Dr. Saint George UT and 12939 South Sunday Dr (AKA 4400 West), Riverton, UT.

6. Statement of Financial Affairs question 10 lists transfers to Bella Bell Trust of 2 pieces of real property – the St. George Home and the Riverton Property.

7. Based on investigation in prior cases, the Trustee is aware of other properties and transfers not disclosed: 12947 South Sunday Drive, Riverton and 4465 W 12600 S, Riverton UT to NNP Holdings/Nathan Pugsley on August 12, 2013. In addition, there was a transaction on March 26, 2013 with a loan of $375,000 taken out which has not ever been resolved.

8. The Debtor's Schedule B lists only one vehicle on Line 25.

9. Based on investigation in prior cases, the Trustee is aware of other vehicles that are not disclosed:

    a. 1956 Ford F100 – restored vehicle; want insurance value and appraisal

2

(shown at 2010 SEMA show in Las Vegas)

    b.  1923 Ford Roadster – restored vehicle; want insurance value and appraisal

    c.  2007 Dodge Ram – want insurance value and appraisal (shown at 2010 SEMA show in Las Vegas)

    d.  2006 Horse Trailer

    e.  1987 Utility Trailer

    f.  2006 Utility Trailer – Big Bubbas

    g.  2003 Utility Trailer – Car Hauler

    h.  1999 Dodge Durango

    i.  1970 Chevy C10

    j.  2001 Victory Motorcycle

    k.  2006 Chevy Cobalt

    l.  1964 Boat

A number of these vehicles had a lien placed on them on May 2, 2014 to Burrows with address of 812 East 4800 South, Murray UT. Real property records indicate the owner of the property is Faye Burrows. This grant of security interest was not disclosed on Statement of Financial Affairs 10. The Trustee requested some of this information in prior cases.

10. Based on investigation in prior case, it appears the Debtor sold or transferred a 2012 Kawaski Motorcycle to Thomas Walsh in June 2014. This transfer was not disclosed on Statement of Financial Affairs 10.

11. The Debtor's real property at 12939 South Sunday Drive, Riverton UT 84096 (parcel number 27-31-200-043) has legal description:

3

ALL THAT CERTAIN LAND SITUATED IN THE STATE OF UT, COUNTY OF SALT LAKE, CITY OF HERRIMAN, DESCRIBED AS FOLLOWS: BEGINNING AT A POINT WHICH LIES NORTH 89°30'59" WEST 89.49 FEET AND NORTH 251.29 FEET FROM THE CENTER OF SECTION 31, TOWNSHIP 3 SOUTH, RANGE I WEST, SALT LAKE BASE AND MERIDIAN; RUNNING THENCE NORTH 208.71 FEET; THENCE EAST 208.71 FEET; THENCE SOUTH 208.71 FEET; THENCE WEST 208.71 FEET TO THE POINT OF BEGINNING. SITUATE IN SALT LAKE COUNTY. TOGETHER WITH RIGHT-OF-WAY OVER AND ACROSS THE FOLLOWING DESCRIBED PROPERTY: COMMENCING ON THAT CENTERLINE OF 12600 SOUTH AS POINT WHICH LIES 422.24 FEET NORTH 89°13'15" WEST FROM THE NOR1H QUARTER CORNER OF SECTION 31, TOWNSHIP 3 SOUTH, RANGE 1 WEST, SALT LAKE BASE AND MERIDIAN; AND RUNNING THENCE SOUTH 687.61 FEET; THENCE SOUTH 58°17' EAST 375.19 FEET; THENCE SOUTH 1757.72 FEET; THENCE NORTH 89°30'59" WEST 40.0 FEET; THENCE NORTH 1735.08 FEET; THENCE NORTH 58°17' WEST 375.19 FEET; THENCE NORTH 710.45 FEET; THENCE SOUTH 89°03'15" EAST 40.0 FEET TO THE POINT OF COMMENCEMENT. LESS AND EXCEPTING THEREFROM ANY PORTION LYING WITHIN THE BOUNDS OF 12600 SOUTH STREET. APN:27-31-200-043

12. The Debtor's real property at 4734 Whisperpoint Drive, Saint George, UT 84790 (parcel number SG-SUR-23-1574) has legal description: Lot 1574, SUN RIVER ST. GEORGE, Phase 23.

13. Schedule B discloses interest in J.W. Kunkler Trust with value unknown. Schedule I listed monthly disbursements from the Trust. The Trustee has been requesting a copy of this trust since 2012. The Debtor has never provided a copy of this trust so the Trustee may conduct his investigation.

14. Schedule B fails to disclose the interest in the Bella Bell Trust. The Trustee has been requesting a copy of this trust since 2012. The Trustee has requested a 2004 Examination of the Trustee of the Trust – Sterling Fiduciaries and has issued a subpoena to obtain the documents. The Debtor has never provided a copy of this trust so the Trustee may conduct his investigation into the financial affairs of the Debtor.

15. Based on the repeated filings showing the inability to file required information, assist

the Trustee into investigation of financial affairs of the Debtor and failure to make ongoing payments to the Trustee and on her real property, it would appear as though the Debtor is not using the bankruptcy process as a means to reorganize, but rather as an abuse of the bankruptcy process.

16. This is the Debtor's fourth case since 2012, at this time the Debtor should be aware of the bankruptcy procedures and requirements.

17. Furthermore, the Debtor's failure to disclose property and assets despite being questioned about them in prior cases evinces the Debtor's motive to abuse the bankruptcy process.

18. The Trustee seeks dismissal with prejudice to prevent the Debtor from filing for a period of no less than 180 days. The Debtor's repeated filing, lack of full and accurate disclosure regarding assets and failure to prosecute her bankruptcy cases suggests that the Debtor has intentionally failed to comply with the requirements of the bankruptcy code and is not prosecuting the case in good faith.

19. Section 105(a) gives bankruptcy courts broad equitable powers to issue any order to prevent abuse of the process and to specifically address the instances of bad-faith serial filings. *See* Marrama v. Citizen Bank of Massachusetts, 549 U.S. 365 (2007) and United States v. Boulware, 604 F.3d 832 (4th Cir. 2010); Dempsey v. Carter, 2007 WL 2478674 (7th Cir. 2007); and In re Ellsworth, 455 B.R. 904 (B.A.P. 9th Cir. 2011).

20. The Trustee requests the Court dismiss the case with *in rem* prejudice and that no bankruptcy can be filed on the Debtor's real property: 12939 South Sunday Drive, Riverton UT 84096 (parcel number 27-31-200-043) with legal description:

5

ALL THAT CERTAIN LAND SITUATED IN THE STATE OF UT, COUNTY OF SALT LAKE, CITY OF HERRIMAN, DESCRIBED AS FOLLOWS: BEGINNING AT A POINT WHICH LIES NORTH 89°30'59" WEST 89.49 FEET AND NORTH 251.29 FEET FROM THE CENTER OF SECTION 31, TOWNSHIP 3 SOUTH, RANGE I WEST, SALT LAKE BASE AND MERIDIAN; RUNNING THENCE NORTH 208.71 FEET; THENCE EAST 208.71 FEET; THENCE SOUTH 208.71 FEET; THENCE WEST 208.71 FEET TO THE POINT OF BEGINNING. SITUATE IN SALT LAKE COUNTY. TOGETHER WITH RIGHT-OF-WAY OVER AND ACROSS THE FOLLOWING DESCRIBED PROPERTY: COMMENCING ON THAT CENTERLINE OF 12600 SOUTH AS POINT WHICH LIES 422.24 FEET NORTH 89°13'15" WEST FROM THE NOR1H QUARTER CORNER OF SECTION 31, TOWNSHIP 3 SOUTH, RANGE 1 WEST, SALT LAKE BASE AND MERIDIAN; AND RUNNING THENCE SOUTH 687.61 FEET; THENCE SOUTH 58°17' EAST 375.19 FEET; THENCE SOUTH 1757.72 FEET; THENCE NORTH 89°30'59" WEST 40.0 FEET; THENCE NORTH 1735.08 FEET; THENCE NORTH 58°17' WEST 375.19 FEET; THENCE NORTH 710.45 FEET; THENCE SOUTH 89°03'15" EAST 40.0 FEET TO THE POINT OF COMMENCEMENT. LESS AND EXCEPTING THEREFROM ANY PORTION LYING WITHIN THE BOUNDS OF 12600 SOUTH STREET. APN:27-31-200-043

and 4734 Whisperpoint Drive, Saint George, UT 84790 (parcel number SG-SUR-23-1574) with legal description: Lot 1574, SUN RIVER ST. GEORGE, Phase 23 for a period of no less than two years.

21. Section 362(d)(4) provides for in rem if the Court finds the filing of a petition was part of scheme to delay, hinder, or defraud creditors that involved multiple bankruptcy filings on such real property. Although § 362(d)(4) is usually requested by the creditor, based on the Court's powers under § 105(a) it could be awarded when requested by the Trustee.

22. It appears the Debtor has filed this case in bad faith using the <u>Flygare</u> standards on whether the plan constitutes an abuse of the provisions, purpose or spirit of chapter 13. <u>Flygare v. Boulden</u>, 709 F.2d 1344, 1347 (10th Cir. 1983). The Debtor fails several factors enumerated in <u>Flygare</u> to determine the good faith of a bankruptcy case:

    a. the amount of proposed payments and debtors surplus: the Debtor's budget indicates no ability to fund a chapter 13 plan as her net disposable income on Line 23c of

6

Schedule J is negative;

  b. employment history, ability to earn and future increases in income: the Debtor has not had a change in income since her first filing in 2012;

  c. accuracy of pleadings and whether any inaccuracies are an attempt to mislead the court: the Trustee has identified several missing disclosures in the current case discovered during the investigation of the Debtor's prior cases;

  d. the frequency the debtor has sought relief: the Debtor has filed bankruptcy 4 times since 2012 – she is a serial filer and none of her cases have ever been confirmed;

  e. motivation and sincerity: the Debtor's plan provides for payments of $450 a month with no secured debt listed in any sub-section of paragraph 6 (total payments of $27,000). However, the Debtor's Form 22C indicates estimated arrears on real property over $86,000 (Line 48 $1,446.04 x 60). It appears the Debtor does not have a sincere motivation to reorganize and resolve the mortgage arrears on real property as the plan total is less than 1/3 of what she estimates the arrears to be;

  f. burden on the Trustee: the Trustee has a fiduciary obligation to investigate the Debtor's financial matters – based on the Debtor's lack of cooperation in prior cases, the Trustee has doubts he will be able to fulfill his obligation. Particularly when items discovered in prior cases are not disclosed in current case despite the Trustee previous investigation.

23. Based on the Debtor's lack of good faith in filing this petition and the serial filings being a scheme to delay, hinder or defraud creditors the Trustee requests the case be dismissed with prejudice with 180 day bar to re-filing any bankruptcy case, a 2 year *in rem* bar to re-filing on real property owned by the Debtor (see paragraph 20) and any other relief the Court deems

necessary under 11 U.S.C. § 105 to prevent abuse of the process.

WHEREFORE, the Trustee requests the Court dismiss the case with prejudice with a 180 day bar to re-filing for the Debtor and a two year bar to refiling on the property address of 4734 Whisperpoint Dr. Saint George, UT and 12939 Sunday Drive, Riverton UT.

DATED: December 31, 2014.

/s/ Tami Gadd-Willardson
Tami Gadd-Willardson
Attorney for Chapter 13 Trustee

### CERTIFICATE OF SERVICE

A true and correct copy of the foregoing paper was served on the following persons on December 31, 2014

BRYAN ADAMSON
ECF Notification

JACKIE LYNN BURROWS
4734 WHISPERPOINT DR.
SAINT GEORGE, UT 84790

 /s/    M. Moses
Office of the Chapter 13 Trustee