Bradley L. Tilt, #7649
Sara E. Bouley, #7818
ACTION LAW LLC
2825 E. Cottonwood Pkwy., Suite 500
Salt Lake City, Utah 84121
Telephone: (801) 990-3262
Fax: (866) 949-6489
brad@actionlawutah.com
sara@actionlawutah.com
*Attorneys for First American Title Insurance Company,
erroneously sued as "First American Title of Utah"*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| LONN BURROWS, an individual; JACKIE BURROWS, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> LOANLEADERS OF AMERICA CORPORATION, a California Corporation; OPTION ONE MORTGAGE CO. nka SAND CANYON CORPORATION, a California Corporation; FIRST AMERICAN TITLE OF UTAH, a Utah Corporation; WELLS FARGO BANK, N.A., a Delaware Corporation; Martin Fogelman, loan officer, a California resident; OCWEN FINACIAL CORPORATION fka HOMEWARD RESIDENTIAL, INC. fka AMERIAN HOME MORTGAGE SERVICING, INC. a Delaware Corporation; LAW OFFICES OF JAMES WOODALL PLLC, a Utah LLC; James H. Woodall, a Utah resident and John Does 1-99, <br><br> Defendants. | **MOTION AND SUPPORTING MEMORANDUM TO DISMISS WITH PREJUDICE FIRST AMERICAN TITLE INSURANCE COMPANY, erroneously sued as "First American Title of Utah"** <br><br><br> Case No. 2:14-CV-00544 DN-BCW <br><br> District Court Judge David Nuffer <br><br> Magistrate Judge Brooke C. Wells |

First American Title Insurance Company, erroneously sued in the above-captioned case as "First American Title of Utah" (hereinafter, "**First American**"), respectfully moves this Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and otherwise, to dismiss this case with prejudice as against First American.

## INTRODUCTION

Plaintiffs' claims in this case are based upon a loan they obtained in February of 2007 from another Defendant in this case. Plaintiffs acknowledge and admit that this moving party, First American, however, was the title company which merely assisted in facilitating the closing of Plaintiffs' loan. Plaintiffs attempt to assert a number of claims against a number of parties, most of which have already been dismissed by this Court. As against First American, Plaintiffs attempt to assert claims only relating to certain statutes (the Truth in Lending Act, the National Securities and Exchange Act of 1934, and the Uniform Commercial Code), all of which either have no application whatsoever to this case, or which are time-barred – or both. Plaintiffs' claims against First American fail as a matter of law and must be dismissed.

## RELEVANT FACTS

Pursuant to Rules 12(b) and 10(c) of the Federal Rules of Civil Procedure, the following statement of facts is derived from Plaintiffs' *Verified Complaint and Affidavit* (the "**Complaint**"), documents referenced in the Complaint, and matters subject to judicial notice pursuant to Rule 201 of the Federal Rules of Evidence and the *Request for Judicial Notice* filed by Defendants Wells Fargo and Ocwen [Docket No. 7 – hereinafter, the "**Request**"], which was

granted by the Magistrate Judge's *Report and Recommendation* [Docket No. 17 (stating on page 4: "the Court takes judicial notice of all requested documents" attached to the RJN) – hereinafter, the "**Judicial Notice**"]. First American presumes the following facts to be true for purposes of this Motion only.

1. Plaintiffs signed the loan documents which are the asserted genesis of their claims (referred to herein collectively as the "**Loan Documents**") in February of 2007. (*E.g.*, Complaint, ¶ 35.B.; Loan Documents, and dates thereof, attached as Exhibits A and B [Docket Nos. 7-1 & 7-2] to the Request and of which the Court has taken Judicial Notice).

2. The "creditor" in this case and the "originator" of the loan that is at the crux of Plaintiffs' claims (the "**Loan**") was LoanLeaders of America Corporation ("**LoanLeaders**"). (*E.g.*, Complaint, ¶¶ 25, 26, 29, 67 & 68. *See also e.g., id.* ¶ 34 (admitting Plaintiffs "applied for a loan with LOANLEADERS"); *id.* ¶ 41 ("the lender (LOANLEADER)"); *id.* ¶ 55 (three times identifying "the Lender LOANLEADERS"); *id.* ¶ 56 ("the Lender's (LOANLEADERS)"). *See also e.g.,* terms of the Loan Documents attached as Exhibits A and B [Docket Nos. 7-1 & 7-2] to the Request and of which the Court has taken Judicial Notice).

3. First American was a title company that assisted in facilitating the closing of Plaintiffs' Loan, but is not and never was a creditor or originator in the Loan at issue. (*See id.; see also id.* ¶ 27 (correctly identifying First American as a "Title Company").

## ARGUMENT

Rule 12 of the Federal Rules of Civil Procedure states that in lieu of an answer, "a party may assert the following defenses by motion: … (6) failure to state a claim upon which relief can

be granted." Fed. R. Civ. P. 12(b)(6).  It is well-settled that in ruling on a motion to dismiss under Rule 12(b)(6), the Court must treat the well-pled factual allegations in the Complaint as true, but that it must dismiss the Complaint if the allegations, even when viewed in a light most favorable to Plaintiffs, do not establish a cognizable claim for relief.  *E.g., Ambeuhl v. Aegis Wholesale*, 555 Fed. Appx. 817, 819-820 (10th Cir. Utah 2014).  That is precisely the situation before this Court in regard to Plaintiffs' claims herein as against First American.

**I.      THE TRUTH IN LENDING ACT CANNOT BE APPLIED TO FIRST AMERICAN, AND ANY CLAIMS UNDER IT ARE TIME-BARRED IN ANY EVENT**

Plaintiffs claim various documents and disclosures were supposed to have been made to them at various specified times within a few days before, at the time of, or within a few days after the February 2007 closing of Plaintiffs' Loan, all pursuant to "*Regulation Z, Part 226 and 15 USC § 1601 et seq. (Fair Debt Collection Practices Act)*" and/or "*Title 12 Code of Federal Regulations, Section 226.18 et seq.*"  (Complaint, ¶¶ 35.A., 36, & 37 (all emphases in original)).

Although Plaintiffs refer to these claims as arising under the Fair Debt Collection Practices Act, all of the statues and regulations cited by Plaintiffs actually are, and arise under, the federal Truth in Lending Act ("**TILA**").  Likewise, it is TILA and its related regulations which address the substance of the types of factual allegations sought to be asserted by Plaintiffs, not the Fair Debt Collection Practices Act to which Plaintiffs mistakenly refer.

Plaintiffs' TILA claims fail as against First American for at least two main reasons.  First, because TILA does not apply to title companies like First American; and second, because even if TILA did apply to title companies Plaintiffs' claims under TILA are time-barred in any event.

TILA does not apply to title companies like First American. By the facial plain language of the statute, TILA creates and assigns potential liability only to "creditors" and "originators" of loans. *E.g.*, 15 USC §§ 1640(a), 1639, 1639b & 1639c. *See also e.g., Henson v. Bank of America*, 935 F.Supp. 2d 1128, 1146-47 (D. Colo. 2013) *citing Chow v. Aegis Mortg. Corp.*, 286 F. Supp 956, 959 (N.D. Ill. 2003) (holding the only parties to whom TILA assigns potential liability are creditors). Plaintiffs' own Complaint repeatedly and correctly recognizes LoanLeaders as the "lender" and "originator" of the Loan, and also correctly identifies that First American was merely the title company in the transactions at issue, not the lender or originator. First American cannot be held liable for any TILA violations by LoanLeaders, if any, because TILA does not apply to title companies. *See Ramos v. Chase Home Fin.*, 810 F. Supp. 2d 1125, 1135-36 (D. Haw. 2011) ("*In re Ameriquest Mortg. Co. Mortg. Lending Practices Litig.*, 589 F. Supp. 2d 987, 992 (N.D. Ill. 2008) (dismissing TILA claims against escrow company reasoning that TILA "imposes no such duty" and "TILA burdens only *creditors* with disclosure obligations") (citations omitted); *Manuel v. Discovery Home Loans, LLC*, 2010 U.S. Dist. LEXIS 81701, 2010 WL 2889510, at *3 (N.D. Cal. July 22, 2010) (holding that because "neither [escrow holder nor loan servicer] was obligated to make TILA disclosures in connection with Plaintiffs' loan, neither party can be liable for violations of TILA"); *Phleger v. Countrywide Home Loans, Inc.*, 2007 U.S. Dist. LEXIS 95868, 2008 WL 65771, at *6 (N.D. Cal. Jan. 4, 2008) (dismissing because "escrow agent is not ... a creditor for purposes of TILA")").

Additionally, and in any event, even if TILA did apply to title companies like First American, which it does not, any claims Plaintiffs may have under TILA are time-barred. TILA

expressly provides a statute of limitations requiring filing suit for alleged violations "within one year from the date of the occurrence of the violation". 15 U.S.C. § 1640(e). *See also e.g., Heil v. Wells Fargo bank, N.A.*, 298 Fed. Appx. 703, 706 (10th Cir. 2008) (affirming district court's dismissal of TILA claims as time-barred under one-year statute of limitations in 15 U.S.C. § 1640(e)). Plaintiffs' TILA claims are based on various violations claimed to have occurred, if at all, within a matter of a few days before or a few days after the closing of Plaintiffs' Loan in February of 2007. Moreover, as a matter of law: "For violations of TILA's disclosure requirements, this one-year period generally begins to run from the date of consummation of the loan." *Ramos v. Chase Home Fin.*, 810 F. Supp. 2d 1125, 1134 (D. Haw 2011) (citing *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986)). So even if any TILA claim ever existed against First American at all, which it did not since TILA does not apply to title or escrow companies as discussed above, Plaintiffs had until February of 2008 to file any TILA claim. Because Plaintiffs failed to file this case until July 2014, however, any TILA claims they arguably may have had became time-barred seven years before Plaintiff filed this case.

    **II.    THE NATIONAL SECURITIES AND EXCHANGE ACT OF 1934 HAS NO APPLICATION TO THIS CASE, AND ANY CLAIMS UNDER IT ARE TIME-BARRED IN ANY EVENT**

Plaintiffs allege that First American somehow participated in a claimed "fraudulent transfer in violation of the *National Securities and Exchange Act of 1934* as amended." (Complaint, ¶ 35.B. (italics in original). That claim too fails as a matter of law, both because the National Securities and Exchange Act of 1934 (the "**Securities Exchange Act**") has no application to this case, and because any claim under it is time-barred in any event.

The anti-fraud provision of the Securities Exchange Act sought to be invoked by Plaintiffs is found at 15 U.S.C. § 78j(b), and is also known as § 10(b). That section makes it illegal for anyone to commit fraud "in connection with the purchase or sale of any security." *Id.* In other words, for there to be any cognizable claim under the Securities Exchange Act, there must be a <u>purchaser</u> or a <u>seller</u> of a <u>security</u>. The Securities Exchange Act therefore does not apply to this case because:

    1.    There is no "security" involved that is subject to the Securities Exchange Act. Plaintiffs' claims against First American center around Plaintiffs' execution of the Loan Documents – a promissory note and a deed of trust – which they signed to obtain the Loan, and by which they promised to repay it and pledged certain real property as collateral for their repayment. Promissory notes issued by individuals for a loan, however, and collateral documents for such loans, are <u>not "securities"</u> within the meaning of the Securities Exchange Act. *See e.g., McGovern Plaza Joint Venture v. First of Denver Mortg. Investors*, 562 F.2d 645, 646-68 (10th Cir. 1977) (holding claim under Securities Exchange Act of 1934 failed where transaction at issue was for plaintiff to obtain a loan that it would repay to a lender, explaining where plaintiff was not relying on effort of lender for plaintiff to somehow profit, there was no investment and thus no "security" subject to the Act); *Amfac Mortg. Corp. v Arizona Mall of Tempe, Inc.*, 583 F2d 426, 434 (9th Cir. 1978) (holding the economic realities of a note given to a lender in a financing transaction is not a "security" within meaning of or subject to federal securities laws); *Home Guaranty Ins. Corp. v Third Financial Services, Inc.*, 667 F Supp 577, 581-82 (MD Tenn 1987) (same).

2. Plaintiffs did not "purchase" or "sell" any security. It is well-settled, both by the language of the Act itself, and also by governing and dispositive court rulings, including rulings of this Court and of the United States Supreme Court, that standing to sue under the Securities Exchange Act requires that the plaintiff have either purchased or sold shares of stock (in reliance upon fraudulent statements). *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 753-55, 95 S.Ct. 1917 (1975); *Chief Consol. Mining Co. v. Sunshine Mining Co.*, 725 F. Supp. 1191, 1194 (D. Utah 1989) (dismissing securities fraud case for lack of standing, explaining "In *Blue Chip Stamps…*, the United States Supreme Court held that only a purchaser or seller of securities has standing to bring a private action"); *Equity Oil Co. v. Consolidated Oil & Gas, Inc.*, 596 F. Supp. 407, 514 (D. Utah 1983) (same). Because all Plaintiffs did in this case was sign Loan Documents, and particularly because such Loan Documents are not "securities," as discussed above, Plaintiffs did <u>not "purchase" or "sell"</u> any security. As a matter of law, therefore, they lack standing to sue under the Securities Exchange Act which has no application to this case.

Even if Plaintiffs were purchasers or sellers of any security, which they were not, any claim they may ever have had under the Securities Exchange Act is time-barred in any event. By federal statute, an action for fraud under the Securities Exchange Act must be brought "not later than <u>the earlier of</u>--(1) 2 years after the discovery of the facts constituting the violation; or (2) 5 years after such violation." 28 USC § 1658(b) (emphasis added). Again, Plaintiffs allege violations of securities laws which they claim occurred, if at all, in connection with the closing of their Loan in February of 2007. The latest Plaintiffs could file any claim under the Securities

Exchange Act, therefore, was February of 2012. Plaintiffs' Complaint, however, was not filed until July of 2014 – by which time it was already long-since time-barred.

### III. THE UNIFORM COMMERCIAL CODE "DOES NOT APPLY"

Plaintiffs' final allegation against First American[1] is that

> at Article 9 of the UCC articles under the Utah State Statutes, it is required that the lender acquires a UCC-1 lien on the property and that the borrower sign papers acknowledging receipt of notice of the UCC-1 lien. Defendants LOANLEADERS and FIRST AMERICAN discriminatorily failed to acquire the UCC-1 lien and failed to provide papers for the borrower to sign acknowledging receipt of said notice of the UCC-1 lien." [Complaint, ¶ 38 (emphases in original].

Article 9 of the UCC, however, expressly states that it "<u>does not apply</u> to … the creation or transfer of an interest in or lien on real property." Utah Code § 70A-9a-109(4)(k) (emphasis

---

[1] Paragraphs 35 – 38 of the Complaint are the only ones asserting any claims of alleged wrongdoing by First American. Paragraphs 35.A. and 35.B. have been addressed in the main text above, and have bene shown to be without legal basis or merit. Paragraph 35.C. is an allegation of reliance by Plaintiff on the actions alleged in paragraphs 35.A. and 35.B which are not actionable as shown in the main text. Paragraphs 36 and 37 have already been addressed in the main text above as well, and also have been shown to be without legal basis or merit. That leaves only paragraph 38, which is address in the main text to which this footnote is appended. If and to the extent Plaintiffs may think or argue any other of their other claims or allegations are against or in any way affect First American, then by this reference First American relies upon and adopts as if fully set forth here in support of this motion all facts, authorities, and arguments in:
    a. *Defendants' Ocwen Loan Servicing, LLC, and Wells Fargo Bank, N.A. as Trustee for Soundview Home Loan Trust 2007-OPT1 Motion to Dismiss With Prejudice* [Docket No. 6] successfully seeking dismissal;
    b. Magistrage Judge Wells' *Report and Recommendation* [Docket No. 17], recommending Ocwen's and Wells Fargo's above-listed motion to dismiss be granted, including particularly but without limitation its findings that the requirement to read broadly a plaintiff's complaint does not relieve plaintiffs of the burden of alleging specific facts upon which a recognized claim could be based [*id.* at p.2], that the Court need not accept as true mere conclusory allegations [*id.* at p. 4], that the complaint must offer more than vague defendant-harmed-me accusations naked of factual enhancement [*id.* at p. 5], that "each of Plaintiffs' alleged claims fail as a matter of law and have been rejected in numerous other cases" [*id.*], and that "Plaintiffs fail to even address the avalanche of case law … that undermine their Complaint. Such conduct – asserting arguments that have been repeatedly rejected while ignoring the vast body of case law regarding foreclosures – is in violation of Rule 11 and potentially grounds for sanctions. Such claims, defenses and factual contentions are not warranted by existing law and are essentially frivolous." [*Id.* at pp.6-7]; and
    a. The Court's *Memorandum Decision and Order* [Docket No. 21], adopting the *Report and Recommendation* in its entirety, rejecting Plaintiffs' request to amend their Complaint "because amendment would be futile," denying Plaintiffs' request for a temporary restraining order because "plaintiffs cannot succeed on the merits of their claims," [*id.* at 3], and granting [*id.*] Ocwen's and Wells' motion to dismiss [Docket No. 6].

added). *See also Board of Equalization of Salt Lake County v. First Sec. Leasing Co.*, 881 P.2d 877, 879 n. 1 (Utah 1994) ("[w]e note that chapter 9 of the UCC does not apply to real property"). Because the genesis of this case is a lien on real property (granted by Plaintiffs as collateral for their Loan), and because the UCC expressly does not apply to liens on real property, Plaintiffs' UCC claim must be dismissed.

## **CONCLUSION**

Plaintiffs' claims against First American are based upon statutes which do not apply to First American or to this case, or they are time-barred – or both. First American therefore respectfully requests that the Court grant this motion and dismiss First American from this case.

DATED August 20, 2015,

*/s/ Bradley L. Tilt*
Bradley L. Tilt
Sara E. Bouley
ACTION LAW LLC
*Attorneys for First American Title Insurance Company, erroneously sued as "First American Title of Utah"*

# CERTIFICATE OF SERVICE

I certify that on August 20, 2015, I caused true and correct copies of the forgoing **MOTION AND SUPPORTING MEMORANDUM TO DISMISS WITH PREJUDICE FIRST AMERICAN TITLE INSURANCE COMPANY, erroneously sued as "First American Title of Utah"** to be served in the manner indicated to the following-identified parties and counsel:

| | |
|---|---|
| Dwight Epperson, Esq.<br>420 E. South Temple, Suite 470<br>Salt Lake City, Utah 84111<br>  *Attorney for Plaintiffs* | _____Hand Delivery<br>_____First Class, United States Mail,<br>       Postage Prepaid<br>_____E-filing via GreenFiling<br>\_\_X\_\_E-filing via CM/ECF<br>_____Email<br>_____Other:_____ |
| Matthew L. Anderson<br>Fabian & Clendenin, PC<br>215 South State Street, Suite 1200<br>Salt Lake City, Utah 84111-2323<br>  *Attorneys for Defendant Sand Canyon*<br>  *Corporation fka Option One Mortgage* | _____Hand Delivery<br>_____First Class, United States Mail,<br>       Postage Prepaid<br>_____E-filing via GreenFiling<br>\_\_X\_\_E-filing via CM/ECF<br>_____Email<br>_____Other:_____ |
| K. Bradley Carr<br>Law Offices of James H. Woodall,<br>10808 River Front Parkway, Suite 175<br>South Jordan, Utah 84095<br>  *Attorneys for Defendant Woodall* | _____Hand Delivery<br>_____First Class, United States Mail,<br>       Postage Prepaid<br>_____E-filing via GreenFiling<br>\_\_X\_\_E-filing via CM/ECF<br>_____Email<br>_____Other:_____ |
| R. Samuel Ehlers, Esq. (U.S.B. No. 10928)<br>WRIGHT FINLAY&ZAK, LLP.<br>5532 S. Fort Apache Road, Suite 110<br>Las Vegas, Nevada 89148<br>  *Attorneys for Defendants Ocwen Loan*<br>  *Servicing, LLC, erroneously sued as*<br>  *"Ocwen Financial Corporation" and Wells*<br>  *Fargo Bank, N.A. as Trustee for Soundview*<br>  *Home Loan Trust 2007-OPT1, Asset-*<br>  *Backed Certificates, Series 2007-OPT1*<br>  *erroneously sued as only "Wells Fargo,*<br>  *N.A."* | _____Hand Delivery<br>_____First Class, United States Mail,<br>       Postage Prepaid<br>_____E-filing via GreenFiling<br>\_\_X\_\_E-filing via CM/ECF<br>_____Email<br>_____Other:_____ |

                                                                                      \_\_\_*/s/ Bradley L. Tilt*_____