IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| LONN BURROWS, JACKIE BURROWS, <br><br> Plaintiff, <br> v. <br><br> LOANLEADERS OF AMERICA CORPORATION, et al., <br><br> Defendant. | REPORT AND RECOMMENDATION <br><br> Case No. 2:14-cv-544 DN BCW <br><br> District Judge David Nuffer <br><br> Magistrate Judge Brooke Wells |

This matter was referred to the undersigned pursuant to 28 U.S.C. 636(b)(1)(B) by Chief Judge David Nuffer on August 21, 2014.[1]  Pending before the court are two motions: a Motion for Judgment on the Pleadings filed by Defendant Sand Canyon Corporation[2] and a Motion to Dismiss Defendant First American Title of Utah.[3]  Previously the undersigned entered a Report and Recommendation in October 2014 recommending that Motions to Dismiss filed by Defendants James Woodall, Ocwen Financial and Wells Fargo Bank be granted.[4]  Chief Judge Nuffer adopted that Report and Recommendation.[5]

Plaintiffs were acting *pro se* at the time of the filing of their Complaint but are now represented by Dwight Epperson.  The undersigned has carefully reviewed the memoranda and

---

[1] Docket no. 11.

[2] Docket no. 35.  Defendant Option One Mortgage is now known as Sand Canyon Corporation.  For purposes of this motion the change in name has no material difference and the court will refer to Option One Mortgage by its current name.

[3] Docket no. 36.  Defendant First American Title Insurance Company states that it is incorrectly named in this suit as First American Title of Utah.

[4] Report and Recommendation dated October 7, 2014, docket no. 17.

[5] Docket no. 21.

the history of the case including the Complaint and after doing so recommends that the motions be GRANTED.

## BACKGROUND

On July 25, 2014, Plaintiffs filed a Complaint[6] along with a Motion for Temporary Restraining Order[7] seeking to enjoin the foreclosure sale by Wells Fargo on its Deed of Trust. Because Plaintiffs were acting *pro se* at the time of filing their Complaint the court construes their pleadings liberally and holds their submissions to a less stringent standard than that for formal pleadings drafted by lawyers.[8] "[I]f the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."[9] But, it is not the court's responsibility to assume the role of advocate for Plaintiffs.[10] The broad reading of Plaintiffs' Complaint does not relieve them of the burden of "alleging sufficient facts on which a recognized legal claim could be based.[11] And finally, often a pro se litigant is given an opportunity to remedy the defects in their pleadings,[12] but such an opportunity is unnecessary "when it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile."[13]

---

[6] Docket no. 1.

[7] Docket no. 2.

[8] *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

[9] *Id.*

[10] *See id.*

[11] *Id.*

[12] *See e.g., Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990); *Jaxon v. Circle K Corp.*, 773 F.2d 1138, 1140 (10th Cir. 1985).

[13] *McKinney v. Oklahoma*, 925 F.2d 363, 365 (10th Cir. 1991).

Plaintiffs Complaint raises the following claims: (1) unspecified lending violations; (2) conversion by misusing the promissory note; (3) improper securitization of Plaintiffs' Loan; (4) a lack of standing to foreclose on part of the Defendants; and (5) fraud.

## ANALYSIS[14]

In 2007, Plaintiffs entered into a loan with LoanLeaders, which was secured by a Deed of Trust against their residence. The Loan was secured by a Deed of Trust recorded on February 26, 2007, identifying Plaintiffs as the borrowers, First American Title of Utah as trustee, and The Loanleaders of America, Inc. as beneficiary. The Loan was assigned to the Wells Fargo Trust and is currently being serviced by Ocwen. Defendant Woodall was appointed as substitute trustee by Wells Fargo Bank on November 7, 2011. Plaintiffs have failed to make any payments on the Loan for several years and there is no contention in the record regarding the current payment status. Nor is there any valid contention in the record regarding Plaintiffs status as being in default on the loan.

In addition, Plaintiff Jackie Burrows has filed four bankruptcies since 2012. In dismissing the latest bankruptcy filing the bankruptcy court noted that these serial bankruptcy filings are "'part of a scheme to delay, hinder or defraud creditors.'"[15] Ms. Burrows was then prohibited from filing a bankruptcy petition on the property at issue in this case and another property for a period of two years.[16]

---

[14] The Court notes that it may take judicial notice of documents recorded in the office of a county recorder on a motion to dismiss. *See County of Santa Fe v. Pub. Serv. Co.*, 311 F.3d 1031, 1036 (10th Cir. 2002).

[15] Mtn p. 7 (quoting the order from Judge Thurman).

[16] *See id.*

I. **Sand Canyon's Motion for Judgement on the Pleadings**

Defendant Sand Canyon moves for judgment on the pleadings. Federal Rule of Civil Procedure 12(c) allows a party, at any point after the pleadings are closed, to move for judgment on the pleadings.[17] The court reviews a Rule 12(c) motion for judgment on the pleadings under the same standard that governs a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted.[18] In evaluating such a motion, the court must accept all well-pleaded allegations in the complaint as true and construe them in the light most favorable to the plaintiff.[19] The court may dismiss a complaint under Rule 12(c) only if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[20]

In support of its motion, Sand Canyon argues that for the same reasons set forth by the undersigned in the October 2014 Report and Recommendation,[21] which dismissed Defendants Ocwen Loan Servicing, Wells Fargo Bank and James Woodall, that Sand Canyon should also be dismissed. Specifically Defendant argues that (1) Plaintiffs' claims fail because they misinterpret or misapply relevant regulations and statutes; (2) Plaintiffs' conversion claim is nonsensical; (3) Plaintiffs lack standing to challenge the assignments and securitization of the Deed of Trust; (4) Plaintiffs arguments alleging Defendants lack standing to foreclose are improper because there is no requirement that a beneficiary produce the actual note; and (5)

---

[17] Fed. R. Civ. P. 12(c).

[18] *See Ward v. Utah*, 321 F.3d 1263, 1266 (10th Cir. 2003).

[19] See *Ramirez v. Department of Corrections*, 222 F.3d 1238, 1240 (10th Cir. 2000) (citing *Beck v. City of Muskogee Police Dept.*, 195 F.3d 553, 556 (10th Cir. 1999)).

[20] *Ramirez v. Dep.'t of Corrections*, 222 F.3d 1238, 1240 (10th Cir. 2000) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

[21] Docket no. 17.

Plaintiffs cannot establish fraud.[22] Finally Sand Canyon further asserts that it is positioned differently than the previously dismissed Defendants because it is not the current holder of the Note and claims no current interest in the Deed of Trust.

In response Plaintiffs sought more discovery pursuant to Rule 56(d).[23] This request was denied by the court.[24] Plaintiffs then filed another opposition setting forth the pro se standards, Rule 12(b)(6) standards and arguing that they deserve to discover "who dropped the ball." The court is not persuaded by these arguments.

In their opposition Plaintiffs failed to address the large amount of established case law against their position and they fail to present a single purported legal authority in support of their position. The large body of case law rejecting their position was set forth previously by the court in its October 7, 2014 Report and Recommendation.[25] The undersigned adopts the reasoning and case law set forth in the October 2014 Report and Recommendation and finds no need to restate it here. In addition, Plaintiffs tellingly admit in their opposition that if the statement regarding Sand Canyon not being a current holder of the Note with no interest is true, then Plaintiffs "should dismiss its claim(s) as to Sand Canyon without further litigation."[26]

As set forth previously in the October 2014 Report and Recommendation and for those additional reasons articulated by Defendant Sand Canyon, the undersigned recommends the Motion for Judgment on the Pleadings be GRANTED.

---

[22] *See m*tn p. 9, docket no. 35..

[23] Docket no.

[24] Order dated September 11, 2015, docket no. 44.

[25] *See* Report and Recommendation dated October 7, 2014, docket no. 17.

[26] Op. p. 1, docket no. 47.

## II.     Motion to Dismiss First American Title Insurance Company

Defendant First American Title Insurance Company[27] moves to dismiss this case under Rule 12(b)(6).  In ruling on a motion to dismiss under Rule 12(b)(6), the court must treat the well-pled factual allegations in the Complaint as true, but it must dismiss the Complaint if the allegations, even when viewed in a light most favorable to Plaintiffs, do not establish a cognizable claim for relief.[28]

In response to the motion Plaintiffs moved for further discovery which the court denied.[29] Once again Plaintiffs then reassert the applicable standards and argue they "deserve an opportunity to amend their imperfect claims"[30] but they do not address the avalanche of case law that rejects their position.

The court finds no reason to treat First American's motion differently than it has the motions of the other Defendants.  Plaintiffs Complaint fails to articulate any cognizable claim even when viewed in the light most favorable to Plaintiffs who were acting *pro se* at the time of its filing.  As such it should be dismissed.  Further, there is no reason to allow an opportunity to amend because amendment would be futile.[31]

Accordingly, the undersigned recommends First American's Motion to Dismiss be GRANTED.

---

[27] Defendant First American Title Insurance Company states that it is incorrectly named in this suit as First American Title of Utah.  For convenience the court refers to Defendant as First American.

[28] *See e.g., Ambeuhl v. Aegis Wholesale*, 555 Fed. Appx. 817, 819,820 (10th Cir. 2014).

[29] Order dated September 11, 2015, docket no. 44.

[30] Op. p. 4, docket no. 46.

[31] *McKinney v. Oklahoma, Dep't of Human Servs.*, 925 F.2d 363, 365 (10th Cir. 1991).

## CONCLUSION

For the forgoing reasons and for those set forth previously in the October 2014 Report and Recommendation, the undersigned RECOMMENDS the respective Motion for Judgment on the Pleadings[32] and Motion to Dismiss[33] be GRANTED.

Copies of this report and recommendation are being mailed to all parties who are hereby notified of their right to object.  Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of Court.  Any objection must be filed within this deadline.  Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 12 November 2015.

*[signature]*

Brooke C. Wells
United States Magistrate Judge

---

[32] [Docket no. 35](Docket no. 35).

[33] [Docket no. 36](Docket no. 36).