IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| LONN BURROWS AND JACKIE BURROWS,<br><br>　　　　　　　Plaintiff,<br>v.<br><br>LOANLEADERS OF AMERICA CORPORATION, et al.,<br><br>　　　　　　　Defendants. | **MEMORANDUM DECISION AND ORDER ADOPTING REPORT & RECOMMENDATION**<br><br>Case No. 2:14-cv-00544-DN<br><br>District Judge David Nuffer |

The Report and Recommendation ("R&R")[1] issued on November 12, 2015 by United States Magistrate Judge Wells under 28 U.S.C. § 636(b)(1)(B) recommends granting Defendant Sand Canyon's Motion for Judgment on the Pleadings[2] and Defendant First American Title's Motion to Dismiss.[3] The parties were notified of their right to file objections to the Report and Recommendation within 14 days of service pursuant to 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Plaintiffs filed a timely objection[4] on November 27, 2015, and First American Title and Sand Canyon filed responses on December 7, 2015.[5] De novo review of all materials, including the record that was before the magistrate judge and the reasoning set forth in the Report and Recommendation, has been completed. The R&R is adopted in its entirety.

---

[1] Docket no. 52, filed Nov. 12, 2015.

[2] Motion and Memorandum in Support of Sand Canyon's Motion for Judgment on the Pleadings, docket no. 35, filed Aug. 5, 2015.

[3] Motion and Supporting Memorandum to Dismiss with Prejudice First American Title Insurance Company, Erroneously Sued as "First American Title of Utah," docket no. 36, filed Aug. 20, 2015.

[4] Plaintiffs' Objections to Magistrate's Report and Recommendation Dated November 12, 2015 ("Objections"), docket no. 54, filed Nov. 27, 2015.

[5] Response of First American Title Insurance Company, Erroneously Sued as "First American Title of Utah," to Plaintiffs' Objections to Magistrate's Report and Recommendation Dated November 12, 2015, docket no. 56, filed Dec. 7, 2015; Sand Canyon's Response to Plaintiffs' Objections to Magistrate's Report and Recommendation Dated November 12, 2015, docket no. 57, filed Dec. 7, 2015.

Although plaintiffs objected to the R&R, they make no specific argument opposing any of Magistrate Judge Well's conclusions, and the R&R warned that "[f]ailure to object may constitute a waiver of objections upon subsequent review."[6] Therefore, Magistrate Wells's substantive analysis of the motions at issue has not been challenged, but even if it was challenged, it is entirely consistent with the earlier dismissal of Defendants James H. Woodall; Ocwen Loan Servicing, LLC; and Wells Fargo Bank.[7] Rather, as was the case in a previous order adopting an R&R,[8] the Objections suggest that plaintiffs should be given an opportunity to amend their complaint,[9] although they have not filed a motion to amend.

Plaintiffs state that their "Pro Se Verified Complaint has not been disputed by any affidavit or declaration of an agent of First American or Sand Canyon, and as such, remain unrefuted to the present time."[10] However, it is wholly irrelevant that the defendants have not countered the factual allegations in the complaint where those allegations must be considered to be true for the purposes of rule 12 motions.[11] Plaintiffs then state that they "look forward to an opportunity to amend their complaint, and participate in discovery to further prove their allegations concerning First American, Sand Canyon, and other possible defendants to this action."[12] The remainder of their Objections focuses on cases in the District of Utah in which *pro*

---

[6] R&R at 7.

[7] *Id.* at 4–6; *see also* Memorandum Decision and Order Adopting Report and Recommendation and Denying Motion for Temporary Restraining Order ("Nov. 2014 R&R") at 1–3, docket no. 21, filed Nov. 10, 2014.

[8] Nov. 2014 R&R at 3.

[9] Objections at 1–3.

[10] *Id.* at 1.

[11] *See e.g., Ramirez v. Department of Corrections*, 222 F.3d 1238, 1240 (10th Cir. 2000) (citing *Beck v. City of Muskogee Police Dept.*, 195 F.3d 553, 556 (10th Cir. 1999)) (regarding Rule 12(c) motions); and *Ambeuhl v. Aegis Wholesale*, 555 Fed. Appx. 817, 819, 820 (10th Cir. 2014) (regarding Rule 12(b) motions).

[12] Objections at 1.

*se* plaintiffs with dismissible complaints were afforded an opportunity to amend.[13] However, as the magistrate judge concluded,[14] there is no need to allow an opportunity to amend in this case, because allowing an opportunity to amend would be futile[15] in light of "an abundance of authority"[16] and "an avalanche of case law that rejects their position."[17]

## ORDER

After de novo review, the Report and Recommendation[18] is ADOPTED in its entirety.

1. Defendant Sand Canyon's Motion for Judgment on the Pleadings[19] is GRANTED. Judgment regarding Plaintiffs' claims against Sand Canyon, also named as Option One Mortgage, is rendered in Sand Canyon's favor.

2. Defendant First American Title's Motion to Dismiss[20] is GRANTED. Plaintiffs' claims against First American Title Insurance Company, named by plaintiffs as First American Title of Utah, are dismissed with prejudice.

Signed December 9, 2015.

BY THE COURT

_____
David Nuffer
United States District Judge

---

[13] *Id.* at 2–3.

[14] R&R at 6.

[15] *McKinney v. Oklahoma, Dep't of Human Servs.*, 925 F.2d 363, 365 (10th Cir. 1991).

[16] Nov. 2014 R&R at 2.

[17] R&R at 6.

[18] Report & Recommendation, docket no. 52, filed Nov. 12, 2015

[19] Motion and Memorandum in Support of Sand Canyon's Motion for Judgment on the Pleadings, docket no. 35, filed Aug. 5, 2015.

[20] Motion and Supporting Memorandum to Dismiss with Prejudice First American Title Insurance Company, Erroneously Sued as "First American Title of Utah," docket no. 36, filed Aug. 20, 2015.