IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| LONN BURROWS and JACKIE BURROWS,<br><br>Plaintiffs,<br>v.<br><br>LOANLEADERS OF AMERICA CORP. et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DIRECTING A RULE 11 RESPONSE FROM THE PARTIES AND DIRECTING PLAINTIFFS TO RESPOND TO DEFENDANTS' MOTION TO DISMISS<br><br>Case No. 2:14-cv-544<br><br>District Judge David Nuffer<br><br>Magistrate Judge Brooke Wells |

This case has taken an interesting turn of events following the dismissal of nearly all Defendants. On April 8, 2016 Plaintiffs' counsel of record Dwight Epperson filed a Motion to Withdraw as Attorney.[1] Mr. Epperson states the reasons for his withdrawal are: "Counsel has had pressing needs at his home that require that he decrease his workload, due to the health problems of his wife. Combined with a very busy solo law practice, counsel cannot continue to pursue plaintiffs' claims and/or defend plaintiffs in this action."[2]

Approximately a week later on April 14, 2016, Defendants Loanleaders of America and Martin Foigelman (Loanleaders), filed a Motion to Dismiss Plaintiffs' Complaint. According to these Defendants they were unaware of the claims filed against them on July 25, 2014 by the "'vexatious litigants'" Mr. and Mrs. Burrows[3] and seek adjudication on the merits of its motion. In support Loanleaders cites to the prior motions to dismiss made by other defendants on similar grounds. Loanleaders also points to the serial bankruptcy petitions filed by Plaintiffs and another

---

[1] Docket no. 67.

[2] Mtn. p. 1, docket no. 67.

[3] Mtn. p. 2, docket no. 68 (quoting the Utah Circuit Court who termed the Burrows vexatious litigants).

action filed by Plaintiffs against the same Defendants in the "Circuit Court of Utah."[4]  To date there has been no response to the Motion to Dismiss.

Next, on April 21, 2016, the court was contacted by Mr. Franklin Bennett who entered a limited appearance to file a response to Mr. Epperson's Motion to Withdraw.[5]  That response was filed on May 9, 2016.[6]  The reasons stated therein against allowing Mr. Epperson to withdraw, such as alleged bad legal advice, appear to be more appropriate for a bar complaint rather than a basis to deny the Motion to Withdraw, but the court does not rule on the motion at this time.

Between Mr. Bennett's limited appearance and the filing of a response to Mr. Epperson's Motion to Withdraw, something even more peculiar happened.  On April 28, 2016, Plaintiffs through their counsel of record Mr. Epperson filed a Notice of Voluntary Dismissal.[7]  A week and a half later on May 10, 2016, Mr. Bennett filed a Notice of Expanded Limited Appearance and on that same day Plaintiffs filed through him a Motion to Strike their Notice of Voluntary Dismissal.[8]  In that motion Plaintiffs represent that they "did not authorize their Attorney of Record [Mr. Eppperson] to file the *'Notice of Voluntary Dismissal.'*"[9]

Rule 11 of the Federal Rules provides that:

---

[4] Defendants note that the "Circuit Court of Utah" dismissed the claim as to Wells Fargo stating that "'[t]he Plaintiffs actions in jumping in and out of bankruptcy and in and out of lawsuits are nothing but abuses of the bankruptcy, state and federal courts to delay the foreclosure on their property' and that Plaintiffs have their "second strike" under the Utah Rules of Civil Procedure Rule 83 Vexatious Litigant designation." (quoting Order Granting Motion to Dismiss, 3rd Jud. Dist. Court, State of Utah, Case no. 150904952 *5, attached as Ex. 2 to Defendants' motion).

[5] Docket no. 70.

[6] Docket no. 75.

[7] Docket no. 74.

[8] Docket no. 77.

[9] Mtn. p. 2, docket no.77.

> By presenting to the court a pleading, written motion, or other paper . . . an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, . . . , will likely have evidentiary support . . .[10]

Given the background of this case and the recent strange series of events, the court believes Rule 11 may be implicated. Accordingly, the court hereby orders a response from all parties involved and notes that a failure to respond may be the basis for the court to enter Rule 11 sanctions.[11]

### ORDER

Mr. Epperson is **HEREBY ORDERED** to file a response to the Plaintiff's Motion to Strike their Notice of Voluntary Dismissal within TEN (10) days from the date of this order. Mr. Epperson is **FURTHER ORDERED** to provide an explanation for his conduct including whether or not the Notice of Voluntary Dismissal was filed with his clients' consent.

Plaintiffs are **HEREBY ORDERED** to file a response to Loanleaders' Motion to Dismiss. The court notes that it has reviewed that motion and it appears well taken based upon the other orders entered in this case. Plaintiffs are **ORDERED** to specifically address why Loanleaders' motion should not be treated like those made previously by other defendants that have been dismissed. Plaintiffs are given TWENTY (20) days from the date of this order to respond. A failure to respond will result in the undersigned recommending that the motion be granted.

---

[10] Fed.R.Civ.P. 11 (2015).

[11] *Id.* 11(c).

Finally, Mr. Bennett is **HEREBY ORDERED** to show cause within TEN (10) days from the date of this order as to whether or not he has violated Rule 11 by presenting filings for "any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation"[12] in this case. The court is concerned the Mr. Bennett seeks to avoid the requirements of Rule 11(b)(2) by making purported limited appearances in this case.[13]

DATED this 17 May 2016.

Brooke C. Wells
United States Magistrate Judge

---

[12] *Id.*

[13] Previously the court has ruled in favor of the other defendants rejecting Plaintiffs nonsensical arguments and citing to the large body of case law that has rejected similar frivolous arguments. *See* Reports and Recommendations docket no 17 and docket no. 52; Orders Adopting those Reports and Recommendations docket no. 21 and docket no. 59. The court has also denied Plaintiffs' motion for a temporary restraining order, a motion for certificate of appealability, and a Rule 56(d) motion for discovery. *See* docket nos. 21, 32 and 44. By making a limited appearance in this case, Mr. Bennett is responsible for knowing the history of this case including the court's prior rulings.

4