IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| LONN BURROWS and JACKIE BURROWS, Plaintiffs, v. LOANLEADERS OF AMERICA CORP. et al., Defendants. | REPORT AND RECOMMENDATION  Case No. 2:14-cv-544  District Judge David Nuffer  Magistrate Judge Brooke Wells |

This matter was referred to the undersigned in accordance with 28 U.S.C. 636(b)(1)(B) by Chief Judge David Nuffer on August 21, 2014.[1] Currently three motions are pending before the court: 1) a motion by Mr. Epperson to withdraw as attorney for Plaintiffs;[2] 2) a Motion to Dismiss Defendant Loanleaders of America;[3] and Plaintiff's Motion to Strike the Notice of Voluntary Dismissal of Defendant Loanleaders of America.[4] This case has had a number of recent filings and a somewhat strange course of events including a limited appearance by Mr. Franklin Bennett who came into the case to file a response to Mr. Epperson's Motion to Withdraw.[5] The undersigned also entered an order directing a response concerning Rule 11 sanctions based on the circumstances in this case.[6] One constant, however, remains in this case—Plaintiffs' claims fail as a matter of law and have already been rejected in numerous other

---

[1] Docket no. 11.
[2] Docket no. 67.
[3] Docket no. 68.
[4] Docket no. 77.
[5] Docket no. 70.
[6] Docket no. 78.

cases[7] and by this court previously. The undersigned therefore recommends that the Motion to Dismiss be GRANTED.

BACKGROUND

The factual background in this case has been set forth previously in prior orders and report and recommendations entered by the court,[8] so the court does not repeat it in detail here. In short, Plaintiffs entered into a loan with LoanLeaders, which was secured by a Deed of Trust against their residence. The Loan was secured by a Deed of Trust recorded on February 26, 2007, identifying Plaintiffs as the borrowers, First American Title of Utah as trustee, and The Loanleaders of America, Inc. as beneficiary. The Loan was subsequently assigned to Wells Fargo Trust and is currently being serviced by Ocwen. Defendant Woodall was appointed as substitute trustee by Wells Fargo Bank on November 7, 2011. Plaintiffs have failed to make any payments on the Loan for several years and there is no contention in the record regarding the current payment status. Nor is there any valid contention in the record regarding Plaintiffs status as being in default on the loan.

In addition, Plaintiff Jackie Burrows has filed four bankruptcies since 2012. In dismissing the latest bankruptcy filing the bankruptcy court noted that these serial bankruptcy filings are "'part of a scheme to delay, hinder or defraud creditors.'" Ms. Burrows was then

---

[7] See e.g., Bateman v. Countrywide Home Loans, 2012 WL 5593228, *4 (D. Haw. Nov. 14, 2012) ("borrowers generally lack standing to challenge the assignments of their loans"); Metcalf v. Deutsche Bank Nat'l Trust Co., 2012 WL 2399369, at *4 (N.D. Tex June 26, 2012); Lindsay v. America's Wholesale Lender, 2012 WL 83475, at *3 (C.D Cal. Jan 10, 2012; Brascos v. Federal Home Loan Mort. Corp., 2011 WL 3157063, at *6 (C.D Cal July 22, 2011); Wittenberg v. First Independent Mortgage Co. 2011 WL 1357483, at *21 (N.D. W. Va. 2011; Wolf v. Fed. Nat'l Mortg. Assn., 830 F. Supp.2d 153, 161(W.D) Va.2011); Bittinger v. Wells Fargo Bank NA, 744 F. Supp. 2d 619, 625-26 (S.D. Tex. 2010) Bittinger v. Wells Fargo Bank NA, 744 F. Supp. 2d 619, 625-26 (S.D. Tex. 2010); In re Correia, 452 B.R. 319, 324 (1st Cir. B.A.P. 2011) (affirming bankruptcy court's determination that the "debtors lacked standing to challenge the mortgage's chain of title under the PSA."); Washington v. Saxon Mortg. Services (In re Washington), 469 B.R. 587, 590 (Bankr. W.D. Pa. 2012).

[8] Docket no. 17, docket no. 21, docket no. 52 and docket no. 59.

prohibited from filing a bankuptcy petition on the property at issue in this case and another property for a period of two years.

All Defendants have been dismissed except Loanleaders who now seeks dismissal of Plaintiffs' case.

ANALYSIS

Plaintiffs Complaint raises the following claims: (1) unspecified lending violations; (2) conversion by misusing the promissory note; (3) improper securitization of Plaintiffs' Loan; (4) a lack of standing to foreclose on part of the Defendants; and (5) fraud. Loanleaders seeks dismissal of these claims arguing that they have already been rejected by this court.[9] In addition, Loanleaders asserts that dismissal is proper because it was not properly served. Plaintiffs have failed to comply with the time required for service under Rule 4(m) and based on this court's "inherent power to dismiss a case with prejudice," the court should choose to dismiss because Plaintiffs have not only been derelict in effectuating service but leave to amend would also be futile.[10]

In applying the applicable standards[11] and consistent with the court's prior rulings the undersigned recommends that this case be dismissed. The only difference in the instant dispute is Plaintiffs contention that Loanleaders is in default. That argument, however, is not supported by the record. The court already rejected Plaintiffs attempt to obtain a motion for entry of default because Plaintiffs failed to file the proper documentation.[12] Moreover, Plaintiffs service on "CT Corp Service" is on an improper party. CT Corp Service is not the agent for process for

---

[9] *See* Report and Recommendation p. 6, docket no. 17.

[10] Mtn. p. 7, docket no. 68.

[11] *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007); *Teigen v. Renfrow*, 511 F.3d 1072, 1078 (10th Cir. 2007), *Coburn v. Nordeen*, 72 Fed. Appx. 744, 746 (10th Cir. 2003). *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007).

[12] *See* Order re: motion for entry of default, docket no. 62.

Loanleaders.[13] Based on the record Plaintiffs have failed to effect proper service and this would be an alternative basis to dismiss this case. In short, the undersigned fails to find any basis for allowing this suit to continue.

Finally, the undersigned's concerns that prompted the entry of a Rule 11 inquiry appear to have been addressed as Plaintiffs are seeking a bar action against their former counsel.[14] Therefore the remaining motions may be deemed moot.

## RECOMMENDATION

For the forgoing reasons and for those previously set forth in the court's prior orders and recommendations, the undersigned RECOMMENDS that Defendants Motions to Dismiss be GRANTED and this case be DISMISSED. The remaining motions should be deemed MOOT.

Copies of this report and recommendation are being mailed to all parties who are hereby notified of their right to object. Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of Court. Any objection must be filed within this deadline. Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 3 August 2016.

Brooke C. Wells
United States Magistrate Judge

---

[13] *See* Foigelman Decl., ¶4.

[14] *See* Response to Rule 11 Order to Show Cause, p. 3, docket no. 80.